MARK M. PARMER, PLAINTIFF IN ERROR, V. OSBORN R. KEITH, ALEXANDER B. ADAMS, AND J. S. McCLARY, DEFENDANTS IN ERROR.

1. Attachment. The mere inability of a debtor to pay his debts is not a cause for an attachment.

2. ———. To maintain an action for malicious attachment there must be a want of probable cause, malice of the defendant, and injury to the plaintiff.

ERROR to the district court for Madison county. Tried below before BARNES, J.

Brome & Durland and O. C. Treadway, for plaintiff in error, cited: Addison on Torts, 868. Ross v. Langworthy, 13 Neb., 495. Wertheim v. Altchuler, 12 Neb., 594. Atkinson v. Free Press, 46 Mich., 384. Barr v. Moore, 87 Penn. A, 385. Pennington v. Meeks, 46 Mo., 217. Rodgers v. Kline, 56 Miss., 808. Cooley on Torts, 182.

N. A. Rainbolt, for defendants in error, cited: Drake on Attachments, §§ 173, 732, 734, 736. Levy v. Brannan, 39 Cal., 485. Ganea v. S. P. R. R. Co., 51 Cal., 140. Fortman v. Rottier, 8 O. S., 552. Turner v. O'Brien, 5

Neb., 543. *Stone v. Swift*, 4 Pick., 389. *Alexander v. Harrison*, 38 Mo., 258. 1 Am. Leading Cases, pp. 258 276. 2 Addison on Torts, § 865. 1 Hilliard on Torts, pp. 416 note "a," and 421. *Reed v. Samuels*, 22 Texas, 114. *Brooks v. Jones*, 11 Ired., 260. *Raver v. Webster*, 3 Iowa, 502. *Gaddis v. Lord*, 10 Iowa, 141.

MAXWELL, J.

This is an action for malicious attachment. On the trial of the cause in the court below a verdict was rendered in favor of the defendants and the action dismissed.

The principal error relied upon in this court is, that the verdict is against the weight of evidence. The testimony tends to show that the plaintiff was doing business at Norfolk; that he was indebted to the defendant somewhat in excess of $1,800, which was past due; that the claim was sent to an attorney at Norfolk who called upon the plaintiff and informed him that he wanted the claim paid or secured. The plaintiff stated that he could not pay it then. A proposition was then made to him to secure it by assigning accounts, or in some other way, which was refused. There is other testimony in the record to which it is unnecessary to refer. After a delay of nearly two weeks, no satisfactory arrangement having been made, an attachment was levied upon the plaintiff's stock of goods. In a few days his friends intervened and secured the debt, when the attachment was released. The principal ground upon which damages are claimed is for injury to the plaintiff's credit. The mere inability of a debtor to pay his debts will not justify proceedings by attachment. To authorize such proceedings there must exist at least one of the statutory grounds, such as fraudulently contracting the debt, where the debtor absconds or conceals himself, so that summons cannot be served upon him, or is removing or converting his property into money with the intent to defraud his

creditors.   But while inability to pay debts is no just cause
for an attachment, it may be a material circumstance as
tending to prove that the debtor is converting his property
into money or concealing it for the purpose of placing it
beyond the reach of his creditors.   The question of fraud-
ulent intent is one of fact to be submitted to a jury, whose
finding can only be reviewed in some of the modes pro-
vided by law.   The jury have found against the plaintiff
on that question, and the weight of testimony is not so
great against the verdict as to justify us in setting it aside.
In order to maintain an action for malicious attachment
the proccedings must have been instituted maliciously and
without probable cause.   Three things are necessary to be
alleged and proved, viz.: want of probable cause, malice
in the defendant, and damage to the plaintiff.

Malice may be inferred from the want of probable cause,
but this inference may be repelled by facts and circum-
stances.   *Wood v. Weir*, 4 B. Monroe, 544.   *Fortman v.
Rottier*, 8 O. S., 548.   *Tomlinson v. Warner*, 9 Ohio, 103.
The fact that a valid cause of action exists against the
debtor is no justification for attaching the debtor's prop-
erty without probable cause.   We are of the opinion,
however, that the evidence fails to show malice, and that
therefore one of the necessary ingredients of the action is
wanting, and the jury having so found there is no error in
the record.   Whether or not an action can be maintained
on the undertaking is not before the court.   There being
no error in the record, the judgment must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.