### GEORGE M. FADNER
### V.
### ALVA C. FILER.

*Embezzlement—Arrest—Trespass—Malicious Prosecution—Evidence—Advice of Counsel—Instructions—Conflict of Evidence—Excessive Damages—Practice—Plea of Justification.*

1. Where a person arrested for embezzlement is discharged because of a compromise, and not because of his innocence, there is no foundation for an ac ion for malicious prosecution.

2. In action of trespass on the case for causing the arrest of the plaintiff for embezzlement, the complaint having been made by the defendant upon his personal knowledge, it seems to be doubtful whether evidence that he had information that the plaintiff had been charged with an arrest for larceny, embezzlement or forgery is admissible. It seems that such evidence, if admitted, should have reference to matters of recent date, and that it should have been relied upon.

3. Whether the advice of counsel is a complete defense in an action for malicious prosec .tion is a question for the jury.

4. It is improper to instruct the jury that actual guilt and probable cause must concur to constitute a defense in an action for malicious prosecution.

5. This court will not interfere with the finding of the jury on a point as to which the evidence was conflicting and no instructions were asked.

6. The action of the court in overruling a motion made by the defendant during the trial, for leave to file a plea of justification, must be presumed correct, no plea having been prepared or presented, and there being nothing in the record to show why the motion was overruled.

7. In the case presented, it is *held:* That the verdict for $8,000 was extravagant and unwarranted. and that it should be set aside, although there was a *remittitur* of $2,000 by the plaintiff.

[Opinion filed  December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This was an action by appellee against appellant for false imprisonment and malicious prosecution.    The first count of the declaration charges that on January 10, 1886, the defendant assaulted the plaintiff, seized him, and with violence dragged him about, struck him, and having a revolver, threatened to shoot him if he attempted to leave a certain building, and compelled him to remain there twenty hours; and that on January 11, 1886, defendant assaulted plaintiff, struck him, and forced him to go from said house to a justice court, and then imprisoned plaintiff for twenty-four days.    The second count charges an assault and imprisonment for twenty-five days.    The third count alleges that defendant falsely, maliciously and without reasonable or probable cause, charged plaintiff with having committed the offense of embezzlement, and on such charge caused him to be arrested and imprisoned for twenty-four days, when plaintiff was discharged, fully acquitted of said charge.    The plea was the general issue.    On the trial it appeared that on January 10, 1886, and before then, plaintiff was in the employ of defendant as collector.    On Sunday, January 10th, Filer went to Fadner's place of business, and was then requested by Fadner to account for and pay over his collections.    Filer said the money was in bank, and he would

bring it around the next day. Fadner said he must pay or leave some security. He declined to give security, and Fadner, in the presence of one Myers, locked the door to prevent Filer from leaving. There was evidence tending to show that a number of persons called at the room at different times that night; that, after Myers left, Fadner displayed a revolver and said he would make it hot for Filer if he crossed a certain line, and that he knocked Filer down about 11 o'clock in the evening. During the night, as Filer testifies, he tried several times to get out but was prevented by Fadner. The next morning, on advice of his attorney, Fadner swore out a warrant and procured the arrest of Filer, charging him with embezzlement. He was released on bail the same day, and on February 5, 1886, as shown by the transcript from the justice's docket, he was discharged "upon all the evidence introduced."

There was a verdict for $8,000 for the plaintiff. Motion for a new trial by defendant. Plaintiff remits $2000 from verdict. Motion for new trial overruled and judgment for $3,000, from which defendant appeals.

Messrs. JOHN LYLE KING and ROBERT HERVEY, for appellant.

Mr. JUSTUS CHANCELLOR, for appellee.

GARNETT, P. J.   1.   Appellant insists that the plaintiff was discharged by the justice because he paid to appellant, by way of compromise, the amount of money for the embezzlement of which he was arrested, and not because he was found to be innocent. If a person arrested is discharged by means of a compromise and not because of his innocence, there is no foundation for a suit for malicious prosecution. Emery v. Ginman, 24 Ill. App. 65.

In this case the transcript of the proceedings before the justice setting forth a discharge on all the evidence introduced, was offered in evidence by the appellee, and oral evidence was given on behalf of appellant tending to prove that the payment by Filer of the demand of Fadner was the moving cause of the discharge. No instructions having been asked

Fadner v. Filer.

on this point, the most favorable view for appellant that can be adopted is, that there being conflicting evidence as to the cause of the discharge, and the jury having settled the disputed fact in favor of appellee, this court, adhering to well settled rules, must refuse to interfere with that finding.

2. Appellant alleges as error that the court overruled his motion, made during the course of the trial, for leave to file a plea of justification of the imprisonment. No plea was prepared or presented to the court. Had one been presented the court would have committed no error in refusing to allow it to be filed, if it was not a good plea in substance. Nor is there anything in the record to show what appellant proposed to plead. If leave had been given to file such a plea, the plaintiff had the right to know what its allegations were, and until he was informed he could not be compelled to proceed with the trial. The record does not show why the motion was overruled, but we are bound, under the circumstances, to presume the ruling correct.

3. Whether the advice of counsel was a complete defense on the count for malicious prosecution, was a question for the jury, and was fairly submitted by the instruction on that feature of the case.

4. On the trial, defendant, while on the witness stand, was asked by the counsel what information, if any, he had at and prior to the time of the arrest, as to plaintiff's having been theretofore charged with and arrested for the crime of larceny, embezzlement or forgery. Objection to the question by plaintiff's counsel was sustained, and the defendant excepted. Had the question contained a reference to a recent date as the time of the previous charge and arrest, and if the question had been followed by an offer, on the part of defendant's counsel, to prove by the witness that the plaintiff had been, at a previous and reasonably recent date, charged with embezzlement and arrested therefor, and that the defendant had been informed thereof before the arrest complained of by some person whose statement he had reason to believe, and did believe, we are not prepared to say the evidence should have been rejected. Eminent authority maintains the admissibility of such evidence. Barron v. Mason, 31 Vt. 189.

What constitutes probable cause, as stated in Harpham v. Whitney, 77 Ill. 32, Bradner v. Faulkner, 93 N. Y. 515, Falvey v. Faxon, 143 Mass., and Bacon v. Towne, 4 Cush. 217, seems to support the doctrine of Barron v. Mason. If this is the true rule, however, it may be doubtful whether evidence of that character is proper in a case where the defendant made the complaint on his personal knowledge of the facts, and not on information and belief. Skidmore v. Bricker, 77 Ill. 164.

Since this question is not necessarily presented in this record and has not been argued by appellee's counsel, we do not wish to be considered as having committed the court to the final adoption of the doctrine of the Barron case.

5. The court committed serious errors in the additions made to the third and fourth instructions requested by defendant, and in the alteration of the fifth. By the additions made to the third and fourth the jury were informed, in substance, that actual guilt *and* probable cause must concur to constitute a defense to the count for malicious prosecution.

The fifth instruction, as requested by defendant, was to the effect that if the jury found the defendant had probable cause for instituting the criminal proceedings, the verdict *should* be for the defendant on the count for malicious prosecution. The court changed the word *should* into *may*, so that the sum of these instructions was that if the jury found the plaintiff was actually guilty of the offense charged, *and* the defendant had probable cause for believing him guilty, the verdict on the third count must be for the defendant; but if they only found that defendant had probable cause to believe him guilty, it was discretionary with the jury whether the verdict on that count should be for the defendant or the plaintiff. In this there was manifest error, the universal rule being that probable cause alone is a complete defense to an action for malicious prosecution.

The third instruction given for the appellee is open to the same criticism, referring, as it did, to plaintiff's guilt of "the crime charged in the declaration." We are not inclined to hold that, in itself, is an error of such serious character as to

require a reversal, but think it might be changed with advantage.

The damages awarded by the jury in this case appear to be extravagant and unwarranted by the facts in the record, and though we feel hesitation in interfering with a verdict on a question which is peculiarly within the province of the jury, an element seems to have entered into this finding which can not meet judicial sanction, and with the facts in this case only to rely on, it is our opinion that the remittitur did not remove the vice.

The imprisonment only continued a few hours, and the blow which Filer swears was struck (though Fadner denies it) could not have been serious, as there is no proof that it left a bruise or scratch on the person of appellee, and there is no evidence of any injury arising therefrom. For the errors indicated, the judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*