JOHN S. JONES, PLAINTIFF IN ERROR, V. WILLIAM FRUIN, DEFENDANT IN ERROR.

[FILED MAY 2, 1889.]

1. **Pleading:** ANSWER: GENERAL DENIAL: EVIDENCE. Under a general denial in an answer, nothing can be given in evidence which does not tend to prove or disprove the facts stated in the petition.

2. **Malicious attachment:** ONUS PROBANDI. To sustain an action for malicious attachment of property, it is necessary to prove want of probable cause, malice, and damage to the plaintiff from the issuing of the attachment. (*Parmer v. Keith*, 16 Neb. 91.) Want of probable cause being shown, the question whether the defendant was actuated by malice is still one of fact for the jury.

3. ———. Petition examined, and *held* to state a cause of action.

ERROR to the district court for Red Willow county. Tried below before GASLIN, J.

*J. Byron Jennings,* for plaintiff in error.

No appearance for defendant in error.

MAXWELL, J.

This action was brought by the defendant in error against the plaintiff in error, to recover for a malicious attachment of property. The answer is a general denial. On the trial of the cause a jury was waived. The cause "was submitted to the court upon the petition, answer, and evidence," upon consideration whereof the court found the issues in favor of the defendant in error, and rendered judgment in his favor for the sum of $75; and a motion for a new trial having been overruled, judgment was entered on the finding.

An elaborate brief has been prepared and filed by the attorney for the plaintiff in error, in which a number of questions, including the advice of counsel, are discussed and authorities cited in support of each proposition. The answer, however, being a general denial, the only matter in issue is the truth of the allegations of the petition. (*The A. & N. R. Co. v. Washburn,* 5 Neb. 125 ; *Allen v. Saunders,* 6 Id. 436 ; *B. & M. R. Co. v. Lancaster county,* 7 Id. 33 ; *Jones v. Seward county,* 10 Id. 161; Maxw. Pl. & Pr., 4 Ed., 128.)

It is said that the petition does not state a cause of action, and that is one of the errors relied upon. The petition is as follows : " The plaintiff complains of the defendant for that on the 4th day of March, 1886, the said John S. Jones, defendant, commenced in the Red Willow county district court an action by attachment against the plaintiff for the recovery of money damages, alleging in the affidavit therefor, and as grounds for said attachment, that the defendant in said action is a non-resident of the state of Nebraska; that said defendant fraudulently contracted the debt and incurred the obligation upon which suit was brought.

" The clerk of said court thereupon, by direction of the said John S. Jones, without requiring the said John S. Jones to file an undertaking as required by law, and upon the representation of the said John S. Jones and his attorney that no undertaking in attachment was required in such case, issued an order of attachment in words and figures, appearing in the certified copy of said order of attachment. * * * Pursuant to the commands of said writ, and at the request of the defendant in this action, the deputy sheriff of said county levied upon the following-named goods and chattels of the plaintiff, to wit: One bay horse, five years old; one roan horse, five years old; one set double harness, and one dray wagon.

"Said goods and chattels so taken by said officer were retained by him for a long time, to wit, forty days.

"The plaintiff further alleges that said order of attachment was wrongfully and maliciously sued out, and no just grounds existed for issuing the same, and the statements in said affidavit as grounds therefor, are false and untrue.

"On the 31st day of March, 1886, said attachment was dissolved by the consideration of Hon. William Gaslin, judge, and the property ordered discharged at the costs of the said John S. Jones.

"At the time said goods and chattels were levied upon, the plaintiff herein was engaged in the business of draying and delivering in the city of McCook, in which business the plaintiff used said goods and chattels, and by reason of said wrongful levy, the plaintiff was interrupted and hindered in his business for a long time, to wit, forty days, and this plaintiff's business wholly lost to him; that the team of horses, by reason of standing in the stable without sufficient exercise, were greatly injured and damaged. Plaintiff has been put to great expense and trouble in and about procuring the discharge of said attachment, and has been compelled to pay out a large sum of money as attor-

ney fees, and was greatly injured in his (plaintiff's) credit, by reason of said illegal suing out of said writ; all in the sum of two hundred dollars damages, as aforesaid sustained.

"Wherefore the said plaintiff prays judgment against the said defendant for the sum of $200, his damages as aforesaid sustained, and costs of this suit."

Sec. 200 of the Code of Civil Procedure, provides that "When the ground of attachment is, that the defendant is a foreign corporation, or a non-resident of the state, the order of attachment may be issued without an undertaking. In all other cases, the order of attachment shall not be issued by the clerk until there has been executed in his office, by one or more sufficient sureties of the plaintiff, to be approved by the clerk, an undertaking not exceeding double the amount of the plaintiff's claim, to the effect that the plaintiff shall pay the defendant all damages which he may sustain by reason of the attachment, if the order be wrongfully obtained."

No undertaking was given in this case as required by the above section of the code.

Where any of the grounds for an attachment are other than that the defendant is a non-resident or a foreign corporation, an undertaking must be given. No doubt the clerk who issues an attachment in such case without an undertaking, is liable on his bond, but this does not exonerate the plaintiff in the action.

It will be observed that the allegations in the petition are, "That said order of attachment was wrongfully and maliciously sued out, and no just ground existed for issuing the same, and the statements in said affidavit, as grounds therefor, were and are false and untrue."

These allegations liberally construed, as required by the code, are equivalent to allegations of want of probable cause for suing out the attachment, and malice of the plaintiff in that action in procuring the order. The allegation as to damages from the issue of the attachment is

sufficient. The petition, therefore, does state a cause of action, and the objection thereto is overruled.

The principal objection to be considered is, Is the evidence sufficient to sustain the judgment? To maintain the action the proof must show a want of probable cause, malice of the defendant, and injury to the plaintiff. (*Parmer v. Keith*, 16 Neb. 91.) The want of probable cause is shown by the dissolution of the attachment and discharge of the property, and no complaint is made on that ground. The question of malice is more difficult to determine. The plaintiff in error testifies that in instituting the proceedings by attachment, he had no malice or ill will against the defendant in error, and if his statements are to be relied on, he was impelled by no unkind feelings, but by proper motives, in causing the attachment to be issued. The word "malice" he evidently uses in its ordinary acceptation instead of its legal meaning—"a wrongful act intentionally done without just cause or excuse." Malice in the legal sense is to be gathered to a great extent from the conduct of the party committing the alleged wrongful act. Thus, suppose A should strike B with a naked sword, or fire a loaded gun or pistol at him; it might be difficult to persuade the latter that no injury was intended, and the person committing the wrong need not be surprised if his assertions of good will, etc., to the party assaulted, were disregarded. So in the case under consideration. Here, so far as appears, was a groundless attachment —one of the alleged grounds therefor being that the debt was fraudulently contracted. This is a charge which is not to be made upon slight grounds, nor unless the party making it is prepared to sustain it.

An unsupported charge of this kind might ruin the reputation of a person of the utmost integrity, and require years to overcome the evil effects thereof. The attachment law is to be used as a shield for the protection of creditors, and not as a sword for the sole purpose of destroying the

debtor. The question of malice or the want thereof, is largely one of fact to be determined from the evidence.

The question of want of probable cause and malice are very fully considered by the supreme court of Wisconsin in *Collins v. Shannon*, 30 N. W. R. 732.

It is said: "When there is clear proof of want of probable cause for the institution of a prosecution in a criminal action, or for the issuing of a writ of attachment in a civil action, such want of probable cause may be *prima facie* evidence of malice. Still, in such case, the presumption of malice may be rebutted by the evidence. And when the proof of want of probable cause is of a doubtful character, so that the question must be left to the jury, it seems to us that there is no error in instructing the jury if they find that the defendant honestly and in good faith believed that the plaintiff was guilty of the offense charged, or that, in an action for wrongfully issuing an attachment, he honestly and in good faith believed that the plaintiff was about fraudulently to dispose of his property, so as to defraud his creditors, they should find for the defendant; because, if they so find, it will clearly be a finding that the act was not done maliciously, and so the plaintiff should fail in his action. (*Dietz v. Langfitt*, 63 Pa. St. 234, 240; *Flickinger v. Wagner*, 46 Md. 581, 603; Cooley on Torts, 185; *Vanderbilt v. Mathis*, 5 Duer. 304.)

In the last case cited the court say: 'Malice must be proved. There is no theoretical malice which can satisfy this rule, and which can coëxist with the established fact that the prosecution was instituted in an honest belief of the plaintiff's guilt, and with no other motive than to bring the offender to justice. The question of malice may be a turning point of the controversy in an action of this nature. The want of probable cause may be shown, and yet, upon the whole evidence in any given case, it may be a fair question for the determination of the jury whether the defendant was actuated by malice.'"

The rule is undoubted that malice must be proved, but there was sufficient testimony in this case from which the court could find malice, and it having done so, this court cannot say that its judgment in that regard is wrong.

The proof as to damages is clear and undisputed, and neither the sum claimed nor the amount of the judgment is exhorbitant.

The judgment is fully supported by the evidence, and is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.