FRANK CONNELLY v. C. N. WHITE, Appellant.

| 122 | 391 |
| 144 | 98 |
| 144 | 162 |

Malicious Prosecution: MALICE:   WANT OF PROBABLE CAUSE. In 1 an action for malicious prosecution in suing out a writ of attachment without probable cause, the plaintiff must not only show that the action was wrongfully brought, but that it was malicious. Actual malicious purpose need not be shown but may be inferred by the jury from want of probable cause, and a judgment for defendant in the action complained of is sufficient, in the absence of circumstances showing reasonable ground for believing there was a good cause of action to establish want of probable cause.

Malicious Prosecution: INSTRUCTION. In an action for malicious 2 prosecution in suing out a writ of attachment without probable cause, an instruction that a judgment for defendant in the attachment case was proof that nothing was owing to plaintiff and that the writ was wrongfully sued out, was under the facts in the case and subsequent instructions, correctly given.

Allowance of Attorney's Fees. In an action for the malicious pros- 3 ecution of a suit to recover an indebtedness which did not exist, when the want of probable cause relied upon consists of that very fact, allowance of attorney's fees for defending the original action is proper.

Damages: INSTRUCTION. An instruction that by "exemplary dam- 4 ages" is meant damages in excess of those actually sustained and such damages are allowed in addition to actual damages, where the injury complained of was done willfully and maliciously, is not objectionable as permitting a recovery of exemplary damages, though no actual damages be found.

*Appeal from Jackson District Court.*—HON. W. F. BRANNAN, Judge.

MONDAY, JANUARY 25, 1904.

Action to recover damages for the malicious prosecution of a civil action aided by attachment. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Wynkoop & Fort* for appellant.

*F. J. Campbell* and *F. D. Kelsey* for appellee.

McClain, J.—The defendant in this case instituted against the plaintiff in this case an action before a justice of the peace to recover damages for breach of contract, in which it was alleged that the defendant in the action before the justice of the peace was about to remove his property out of the state without leaving sufficient remaining for the pay-ment of his debts, and asking on that ground the issuance of a writ of attachment, which writ was duly issued by the justice, and levied on the property of defendant in that action. The judgment in the justice's court was against the plaintiff in that action, and he appealed to the district court, and a like judgment was rendered. The defendant in the action before the justice of the peace sues as plaintiff in the action now before us to recover damages for the wrongful and malicious prosecution of the suit.

It is well settled in this state that such an action may be maintained. *Carraher v. Allen,* 112 Iowa, 168. The action differs in some respects from that authorized by Code ι. Malice: want 1897, section 3887, on an attachment bond. In of probate cause. the action on the bond the plaintiff may recover if he shows that the attachment was wrongfully sued out, and there was no reasonable cause to believe the ground upon which the same was issued to be true, while in an action for malicious prosecution the plaintiff must not only show that the action complained of was wrongfully brought—that is, without probable cause—but also that it was malicious. The fact that, in the action complained of, judgment was rendered for the defendant, thus showing that he had no cause of action, is sufficient, in the absence of any proof of circum-

stances indicating that there was reasonable belief on his part that he had a good cause of action, to establish the want of probable cause. If circumstances are proved showing reasonable ground of belief as to the existence of a cause of action, the question is for the jury, under instructions of the court as to what constitutes probable cause. *Johnson v. Miller,* 69 Iowa, 562; *Olson v. Neal,* 63 Iowa, 215. The fact that the action was commenced and prosecuted without probable cause may be considered by the jury on the question of malice. Actual malicious purpose or personal ill will is not essential to constitute the legal malice which must be shown to support an action for malicious prosecution. The malice required to support the action may be inferred by the jury from want of probable cause. *Parker v. Parker,* 102 Iowa, 500; *Walker v. Camp,* 63 Iowa, 627; *Smith v. Howard,* 28 Iowa, 51; *Ritchie v. Davis,* 11 Iowa, 124; *Center v. Spring,* 2 Iowa, 393; *Jones v. Fruin,* 26 Neb. 76 (42 N. W. Rep. 283); *Collins v. Shannon,* 67 Wis. 441 (30 N. W. Rep. 732); *Smith v. King,* 62 Conn. 515 (26 Atl. Rep. 1059). As is well said in *Pullen v. Glidden,* 66 Me. 202: "To maintain his case, it was necessary for the plaintiff to prove malice in fact, as distinguished from malice in law. Malice in law is where malice is established by legal presumption from proof of certain facts, as in actions for libel, where the law presumes malice from proof of the publication of the libelous matter. Malice in fact is to be found by the jury from the evidence in the case. They may infer it from want of probable cause. But it is well established that the plaintiff is not required to prove express malice, in the popular signification of the term, as that defendant was prompted by malevolence, or acted from motives of ill will, resentment, or hatred toward the plaintiff. It is sufficient if he prove it in its enlarged legal sense."

As to these propositions of law there is no real dispute between counsel; nor is there any contention on behalf of appellant that there was no evidence to support the verdict of the jury, if they were properly instructed as to the law.

Some question is made as to the admissibility of certain evidence, but, as the rulings relating to the admission of evidence are not assigned as error, we need not consider them.

The only questions properly presented to us are as to the correctness of the court's instructions, and its action in refusing instructions asked for appellant. It is objected that the court made the fact of the judgment in the original case conclusive on the question of probable cause, but we do not find that the instructions given should be so construed. The law on this subject is correctly stated in one instruction, and, in those which follow, the jurors are told that if, on a trial of the case in which the attachment issued, the judgment of the court is against the person who sued out the writ of attachment, this would be proof that nothing was owing to him, and that the writ of attachment was wrongfully sued out. Such a statement would be error if there was evidence of circumstances tending to show a belief by the plaintiff in that action, founded upon reasonable grounds, that he had a good cause of action. But the only evidence tending to show such reasonable ground of belief was that relating to advice of counsel, and on this subject the court proceeded to instruct the jury as follows: "It is a general rule that where a person seeks the advice of an attorney before commencing a suit at law, and states fully and fairly and completely all the facts relative to his case, and after making this statement the attorneys advises him that he has a good cause of action, and a good right to sue out a writ of attachment in aid of his suit, and that he proceeded in accordance with this advice, and brought the suit and caused the writ of attachment to issue and be served, the advice of counsel, if established by the evidence, will be a good defense. But to make it a good defense, everything that relates to the facts in the case must be stated fully and truly to the attorney, and nothing that has any material bearing on the case must be withheld from him." The court then told the jury if plaintiff in the action knew or had reason to believe that he had no cause of action, and instituted the ac-

2. INSTRUCTIONS.

tion in bad faith, the advice would be without effect as a
defense.   These instructions seem to us to correctly present
the law.  *Johnson v. Miller,* 69 Iowa, 562; *Porter v. Knight,*
63 Iowa, 365; *White v. Carr,* 71 Me. 555  (36 Am. Rep.
533); *LeClear v. Perkins,* 103 Mich. 131  (61 N. W. Rep.
357, 26 L. R. A. 627).   Whether the evidence was suf-
ficient on the issue thus presented to justify the verdict was
for the jury.   It is not questioned but that there was some
evidence tending to support the conclusion that the facts in
the case were not fully and fairly presented to the counsel
whose advice was taken, and that the suit was instituted in
bad faith.

Complaint is made of the action of the court in allow-
ing recovery by the plaintiff of counsel fees in defending the
original action in the justice court, and also in the district
3. ALLOWANCE    court.   It may be true that, where an action
of attorney's
fees.         on the attachment bond is predicated on the
want of probable cause as to grounds of attachment, the coun-
sel fees to be allowed by the court, as authorized by Code
1897, section 3887, should be limited to the fees reasonably
paid for securing a dissolution of the attachment; but, even in
an action on the attachment bond, where the whole defense
tends to show the wrongfulness of the attachment, it is proper
to allow attorney's fees for defending the entire case.   *Whit-
ney v. Brownwell,* 71 Iowa, 251.   And certainly where, as
in this case, the action is for malicious prosecution of a suit
to recover an indebtedness which did not in fact exist, and
the want of probable cause relied upon consists of that very
fact, the fees of counsel for defending the action and estab-
lishing the absence of any cause of action are properly in-
cluded in the recovery for malicious prosecution.

The instructions asked for the defendant and refused
by the court, so far as they contained correct propositions of
law, were covered by those given, and the errors urged
4. DAMAGES:     with reference to such refusal need not be fur-
instruction.    ther considered.   The court instructed the jury
with reference to exemplary damages, and it is argued that

the instructions given on this question authorized the allowance of exemplary damages without a finding by the jury that actual damages were suffered by the plaintiff; but the instruction was that by "exemplary damages" is meant damages in excess of the actual damages sustained, and they are allowed where the injury complained of was done willfully and maliciously, and that, if the jury find plaintiff to be entitled to exemplary damages, he may be allowed such sum in addition to actual damages as, in the judgment of the jury, would be right and proper. The jury must have understood that they could give exemplary damages only if they found, under the evidence, that some actual damage was suffered. The jury were told that there was no evidence as to the damage sustained by wrongfully keeping the plaintiff out of possession and use of the property levied on, and that no more than nominal damages could be allowed on that account; but there was evidence as to other damage, such as counsel fees and other expenses in defending the original action, and it cannot be said that there was no evidence on which the jury could find that plaintiff suffered actual damage.

We find no error in the record, and the judgment of the lower court is AFFIRMED.