(February 3, 1925.)

ROSS L. DOUGLAS, Respondent, v. H. D. KENNEY, H. D. RANDALL, R. S. FOLLAND, CITIZENS ELECTRIC SUPPLY COMPANY, a Corporation, CAPITAL ELECTRIC COMPANY, a Corporation, and GENERAL ELECTRIC COMPANY, a Corporation, Appellants.

[233 Pac. 874.]

MALICIOUS PROSECUTION—PROBABLE CAUSE—BURDEN OF PROOF—ADVICE OF COUNSEL—QUESTION OF FACT—DIMINUTION OF RECORD—RULE 24—CERTIFICATION OF EXHIBITS—MOTION TO DISMISS—EVIDENCE.

1. Where appellant fails by his praecipe to require papers, records and files sent up for review, he cannot, after the record has been filed in this court, in the absence of a sufficient showing be permitted by suggestion of diminution of the record, to bring up to the appellate court papers, records and files which he failed to include in his original praecipe.

2. Where the transcript on appeal fails to contain a certificate in substantial conformity with Rule 24 showing that the same con-

tains all of the papers, records and files used or considered by the court upon the hearing of a contested motion, the order based on such motion will not be reviewed by this court.

3. Failure to certify exhibits to the supreme court is not a ground for dismissing an appeal.

4. Evidence of conversation admitted over objection examined and *held* admissible as laying foundation for impeachment.

5. In an action for malicious prosecution, while the rule is well settled that the plaintiff has the burden of establishing want of probable cause, since want of probable cause involves a negative, slight proof is all that the law requires to make a *prima facie* case. Evidence examined and *held,* under above rule, to show want of probable cause sufficient to justify court in refusing to grant motion for directed verdict.          —

6. In an action for malicious prosecution, whether the person swearing to ·the criminal complaints acted upon the advice of counsel and whether he made a complete disclosure of all the facts and circumstances, *held* to be questions of fact for the jury.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. T. Bailey Lee, Judge.

Action for malicious prosecution. Judgment for plaintiff. *Modified and affirmed.*

Walters & Parry, for Appellants.

The court erred in admitting testimony relating to conversation between defendant H. D. Kenney and Miss Katherine Kline occurring during the preliminary hearing. (*McCall v. Alexander,* 84 S. C. 187, 65 S. E. 1021; *Sloss-Sheffield Steel & Iron Co. v. Devaney,* 189 Ala. 564, 66 So. 523; *Carel v. Haedecke,* 123 Minn. 435, 143 N. W. 1124; 18 R. C. L. 52.)

The court erred in refusing to grant defendants' motion for directed verdict made on the ground that the uncontra-

Publisher's Note.

6. Counsel's advice as defense to action for malicious prosecution, see notes in 1 Ann. Cas. 932; 11 Ann. Cas. 954; Ann. Cas. 1912D, 423.

dicted evidence showed probable cause for the institution of criminal proceedings. (*Davis v. MacMillan*, 142 Mich. 391, 113 Am. St. 585, 105 N. W. 862, 3 L. R. A., N. S., 928; *Israel v. Brooks*, 23 Ill. 575; *Anderson v. Friend*, 85 Ill. 135; *Wright v. Fansler*, 90 Ind. 492; *Heldt v. Webster*, 60 Tex. 207; *Cole v. Curtis*, 16 Minn. 182; *Cullen v. Hanisch*, 114 Wis. 24, 89 N. W. 900; Jones on Evidence, sec. 8; *Ahrens v. Lefstein*, 186 App. Div. 953, 173 N. Y. Supp. 428; *Robberson v. Gibson*, 62 Okl. 306, 162 Pac. 1120; *Talcott v. Rice*, 94 Neb. 539, 143 N. W. 803; *Jordan v. James etc. Co.*, 140 Md. 207, 117 Atl. 366; *Keebey v. Stifft*, 145 Ark. 8, 224 S. W. 396; *Berger v. Wild*, 130 Fed. 882, 66 C. C. A. 79; *Woodruff v. Doss*, 20 Ga. App. 639, 93 S. E. 316; *Sandoz v. Veazie*, 106 La. 202, 30 So. 767; *McHugh v. Ridgell*, 105 Neb. 212, 180 N. W. 75; *Macauley v. Starr, Inc.*, 194 App. Div. 643, 186 N. Y. Supp. 197; *Johnson v. Southern Pac. Co.*, 157 Cal. 333, 107 Pac. 611.)

The court erred in refusing the defendants' motion for directed verdict made on the ground that defendants were not liable in this action by reason of the fact that defendant Kenney had fully and fairly presented the facts involved herein to his attorney and to the prosecuting attorney of Twin Falls county, and been advised that sufficient facts existed to warrant the institution of criminal proceedings. (*Barton v. Woodward*, 32 Ida. 375, 5 A. L. R. 1090, 182 Pac. 916; *Jordan v. James etc. Co., supra; Price v. Morris*, 122 Ark. 382, 183 S. W. 180; *Christy v. Rice*, 152 Mich. 563, 116 N. W. 200; *Florida East Coast Ry. Co. v. Groves*, 55 Fla. 436, 46 So. 294; *Harris v. Woodford*, 98 Mich. 147, 57 N. W. 96; *Redman v. Hudson*, 124 Ark. 26, 186 S. W. 312; *Missouri K. & T. Ry. Co. v. Groseclose*, 50 Tex. Civ. 525, 110 S. W. 447; *Van Meter v. Bass*, 40 Colo. 78, 90 Pac. 637, 18 L. R. A., N. S., 49; *El Reno Gas Co. v. Spurgeon*, 30 Okl. 88, 118 Pac. 397; *King v. Apple River Power Co.*, 131 Wis. 575, 11 Ann. Cas. 951, 111 N. W. 668; *Boyer v. Bugher*, 19 Wyo. 463, 120 Pac. 171; *Brinsley v. Schulz*, 124 Wis. 426, 102 N. W. 918; *Cooper v. Fleming*, 114 Tenn. 40, 84 S. W. 801, 68 L. R. A. 849.)

Homer C. Mills, for Respondent.

Order sustaining motion to deny and overrule motion to quash service of summons cannot be considered for the reason that the transcript on appeal does not contain a certificate as required by rule 24 of this court. (*Dudacek v. Vaught,* 28 Ida. 442, 154 Pac. 995; *Walsh v. Niess,* 30 Ida. 325, 164 Pac. 528; *Biwer v. Van Dorn,* 32 Ida. 213, 179 Pac. 953; *Spencer v. John,* 33 Ida. 717, 197 Pac. 827; *Sweaney & Smith Co. v. St. Paul Fire & Marine Ins. Co.,* 35 Ida. 303, 206 Pac. 178; *McCarthy v. Warnkin,* 35 Ida. 614, 207 Pac. 1075.)

Instructions cannot be considered, because they are not included in the reporter's transcript or in the clerk's transcript. (*Swan v. Sproat,* 36 Ida. 75, 209 Pac. 1070; *Marnella v. Froman,* 35 Ida. 21, 204 Pac. 202; *Sweaney & Smith Co. v. St. Paul Fire & Marine Ins. Co., supra.*)

Where appellants failed to bring up instructions given by the trial court, it is impossible for this court to consider error based upon instructions given or requested by appellants and refused. In this situation, it is presumed that the trial court correctly instructed the jury. (*Swan v. Sproat, supra; Adamson v. Mattson,* 32 Ida. 493, 185 Pac. 553; *Wright v. Stewart,* 32 Ida. 490, 185 Pac. 69.)

Discharge by committing magistrate after holding of a preliminary examination is *prima facie* evidence of want of probable cause. (*Nettleton v. Cook,* 30 Ida. 82, 87, 163 Pac. 300, 302, L. R. A. 1917D, 1194.)

A private corporation like an individual is liable for the acts of its agent in instituting a malicious prosecution, if the same were done while acting within the scope of his authority. (*Empire Gas & Fuel Co. v. Wainscott,* 91 Okl. 66, 216 Pac. 141.)

Whether Kenney acted upon advice of counsel and whether he made a complete disclosure of all the facts and circumstances are questions of fact for the jury. (*Kitchen v. Rosenfeld,* 44 R. I. 399, 117 Atl. 537; *Fox v. Smith,* 25 R. I.

255, 55 Atl. 698; 26 Cyc. 30, 31; *Cornner v. Hamilton,* 62 Mont. 239, 204 Pac. 489.)

What he stated should be proved and the jurors should decide whether or not the statement made was a full and fair one. (*McLeod v. McLeod,* 73 Ala. 42.)

The order denying motion to quash is not reviewable. (*Hardy v. Butler,* 39 Ida. 99, 226 Pac. 669, and authorities cited.)

Testimony of conversation with Kenney at preliminary hearing was admissible. (*Monske v. Klee,* 38 Ida. 314, 221 Pac. 152.)

Slight proof may be sufficient to establish want of probable cause on account of difficulty of establishing it. (*Pierce Oil Corp. v. Mitchell,* 99 Okl. 148, 225 Pac. 937.)

BUDGE, J.—This action was brought to recover damages for malicious prosecution. The complaint contains five causes of action based upon the filing of five criminal complaints against respondent, charging him with the embezzlement of various sums in excess of $60. It is alleged that each criminal complaint was sworn to by appellant Kenney at the instigation, request and with the connivance and agreement of appellants Randall and Folland, officers, agents and employees of the three defendant corporations; that the same was done maliciously and without probable cause; that respondent was required to give bonds, employ counsel and appear before the court in which the criminal complaints were filed, and that after preliminary examination in each case respondent was discharged out of custody and was fully discharged and acquitted and the prosecutions dismissed. On each cause of action respondent prayed judgment for $15,000 general damages and $10,000 punitive damages, and sought to recover attorney's fees which he had expended in defending the various prosecutions, amounting in the aggregate to $1,050.

Appellants, General Electric Company, Capital Electric Company, Citizens Electric Supply Company and H. D. Kenney appeared specially and moved to quash the service of

summons upon them. Respondent later moved that the motion to quash the service of summons be denied and overruled. The court thereupon made its order sustaining respondent's motion and denied the motion to quash the service of summons and the movant appellants were given twenty days in which to answer. Thereupon a joint answer was filed by H. D. Kenney, Citizens Electric Supply Company and Capital Electric Company. A demurrer was interposed by appellant Folland but the record does not disclose the ruling thereon. However, his answer was later filed. No answer or appearance on the part of General Electric Company or H. D. Randall appears in the record, except that upon the trial the answer of the other defendants was adopted by the General Electric Company. The answers filed constitute a denial of the material allegations of the complaint and set forth as additional defenses that examination, investigation and audit of the books and accounts of the Citizens Electric Supply Company were made by appellant Kenney and that irregularities, errors and shortages appeared therein; that respondent, as manager, secretary and treasurer of that company, had control of such books and accounts and failed and refused to explain the irregularities, errors and shortages therein; that Kenney consulted with attorneys relative to the matter and was advised by them that the facts presented a proper case and probable cause for the institution of criminal proceedings; that Kenney thereupon advised the prosecuting attorney of Twin Falls county of the facts, which resulted in the criminal prosecutions which form the basis of this action; that appellant Kenney acted in good faith, without malice and pursuant to the advice of his attorneys and the prosecuting attorney; that appellants Citizens Electric Supply Company and Capital Electric Company took such action in good faith upon the advice of their attorneys and the prosecuting attorney.

Upon the issues thus framed the cause was tried to the court and jury. By the latter's verdict respondent was

awarded $2,500 and judgment based thereon was thereafter made and entered, from which judgment this appeal is prosecuted.

Upon the day previous to the hearing of this case in this court, and subsequent to the filing of the motion to strike hereinafter referred to, appellants lodged a supplemental transcript and at the same time filed a motion asking permission to file the same, which motion was contested by respondent. From the original transcript it appears that appellants in their first praecipe requested the clerk to furnish the judgment-roll and certain other specified papers. Additional papers were requested to be furnished in a later praecipe. All of the records and files requested in these two praecipes are found in the original transcript which was settled by the lower court upon stipulation of counsel. A third praecipe, the basis for the supplemental transcript, filed after the settlement of the original transcript and after the latter was filed in this court, requested still further records and papers which are found in the supplemental transcript. None of the papers contained in the supplemental transcript were requested to be furnished by the first and second praecipe. In the case of *Sweaney & Smith Co. v. St. Paul Ins. Co.*, 35 Ida. 303, 206 Pac. 178, this court said:

"Therefore, the appellant, if he fails by his praecipe to require papers, records and files sent up for review, it is his error and he cannot thereafter by suggestion of diminution of the record, bring up to this court such papers, files and records. In such a case a suggestion of the diminution of the record would only justify bringing up to this court omitted portions of the judgment-roll or a bill of exceptions filed in the case. It is also clear that after the record has been filed in this court, appellant cannot be permitted to file an amended praecipe, designating therein certain matters, records or files which it failed to include in the original praecipe, for the reason that it cannot complain of its own error."

Certain errors in the transcript having been suggested by respondent and by stipulation corrected, it was thereafter

stipulated by the parties that the judge might settle the transcript. This constituted a joinder in error and an admission that the transcript when so settled should be a true and correct record for the purpose of this appeal. Neither party was thereafter in a position to suggest a diminution of the record so far as the joinder in error extended. (4 C. J., sec. 2243, p. 496.) It therefore follows that appellants' motion requesting diminution of the record and permission to file the supplemental transcript must be denied, and it is so ordered.

Respondents have filed a motion to strike those portions of the transcript relating to the motion to quash the service of summons for the reason that the transcript is not accompanied by a certificate as required by rule 24 showing that the record and files incorporated in such transcript constitute all the records, papers and files used or considered by the trial judge upon the hearing of the motion to deny and overrule motion to quash service of summons. Such certificate is required, under the above rule, to bring before this court for review a motion for new trial ''or any other contested motion.'' (*McCarty v. Warnkin,* 35 Ida. 614, 207 Pac. 1075; *Spencer v. John,* 33 Ida. 717, 197 Pac. 827; *Biwer v. Van Dorn,* 32 Ida. 213, 179 Pac. 953; *Walsh v. Niess,* 30 Ida. 325, 164 Pac. 528; *Dudacek v. Vaught,* 28 Ida. 442, 154 Pac. 995; *Tsuboi v. Cohn, ante,* p. 102, 231 Pac. 708.) A careful examination of the record fails to disclose a certificate complying with Rule 24. It therefore follows that respondent's motion to strike is well taken and those portions of the transcript relating to the motion to quash the service of summons and the motion by respondent to overrule appellants' motion will be stricken from the record.

Respondent has also filed a motion to dismiss the appeal and a motion to affirm the judgment, basing the same upon the failure of appellants to certify the exhibits to this court, and to incorporate the same in the transcript. It is his contention that the exhibits should have been made a part of the transcript or record. C. S., sec. 6886, subd. 4, provides that:

''Exhibits introduced in the trial may be certified to the

supreme court by the clerk without incorporating the same in the transcript, or making any copies, unless said exhibits consist of some part of the public records, in which event the same shall be copied into the record at the approximate place by the reporter, or a copy certified by the party having lawful custody of the records may be substituted and transmitted with the exhibits.''

The exhibits in this case have since been properly certified to the court by the clerk of the district court in accordance with statute. In any event, failure to certify exhibits is not jurisdictional and would not entitle respondent to a dismissal of the appeal. The motion to dismiss and motion to affirm the judgment must therefore be denied.

Appellant specifies and relies upon seven assignments of error. The first predicates error upon the action of the court in overruling the motion of appellants Kenney, Citizens Electric Supply Company, Capital Electric Company and General Electric Company to quash the service of summons as to them. Inasmuch as that part of the record pertaining to the motion to quash the service of summons has been stricken for lack of a certificate as required by Rule 24, this assignment is not here for determination.

Appellants next specify as error the action of the court in overruling the motion of General Electric Company and R. S. Folland for nonsuit and directed verdict. Appellant made no motion for nonsuit but did make a motion for a directed verdict at the conclusion of respondent's testimony and renewed the same at the close of all the testimony. This motion for directed verdict was made primarily on the ground that the evidence failed to show that Kenney, in swearing to the criminal complaints, was the agent of the General Electric Company. The complaint alleges that the General Electric Company owned a majority of the capital stock of the Citizens Electric Supply Company. The answer of the Capital Electric Company and the Citizens Electric Supply Company, which was adopted by the General Electric Company, denied this allegation. The only proof in support of this allegation of the complaint was that of respondent in which

he testified that the Citizens Electric Supply Company was owned by the General Electric Company. Upon cross-examination, however, he stated that his information was based upon what was told him by Mr. Randall and Mr. Folland and what he read in the newspaper. A motion to strike respondent's testimony as to the purchase of the Citizens Electric Supply Company by the General Electric Company, made by appellants, was erroneously overruled by the court. Such testimony was hearsay and should have been stricken. There was therefore a failure of proof in this respect and the lower court should have granted the motion of General Electric Company for a directed verdict. It is further contended that appellant Folland was entitled to a directed verdict in his favor for the reason that there was no competent evidence to establish liability on his part. Folland, as appears from the testimony, was assistant general manager of the Capital Electric Company, upon whom rested the particular duty of supervising branch houses; that he took an active part in checking up the alleged shortages in respondent's accounts and was in possession of all of the information upon which the prosecution was based. We think there was sufficient competent evidence to warrant the court in passing upon the question from the facts submitted to the jury, whether or not the prosecution was without probable cause in so far as Folland was concerned and whether or not he acted in conjunction with Kenney in instituting the prosecutions.

The third assignment of error is predicated upon the action of the court in admitting testimony relating to a certain conversation alleged to have taken place between Kenney and one Miss Katherine Kline during the preliminary hearing. The witness Kenney, while on the stand, was interrogated with reference to an alleged conversation had between himself and Miss Kline wherein Kenney stated to Miss Kline that respondent was trying to blame her for poor bookkeeping in order to get out himself and that he (Kenney) wanted to warn her what would be expected of her before she went on the witness-stand. No objection was made to this testimony, but when Miss Kline was called for the pur-

pose of impeachment and was asked to state whether this conversation took place, an objection was interposed upon the ground that it was immaterial and incompetent for the reason that the facts sought to be elicited were not confined to such facts and circumstances occurring prior to the commencement of the prosecution. It is appellants' contention that the general rule is that in an action for malicious prosecution the inquiry as to probable cause must be confined to the facts and circumstances which were apparent at the time the prosecution was commenced. While there may be some doubt as to the admissibility of this testimony under the rule above stated, we do not think the rule applicable under the facts as disclosed in the instant case. We are of the opinion that this evidence was admissible if for no other reason than as laying the foundation for impeachment. To hold otherwise would be tantamount to denying respondent's right to submit to the jury the credibility of Kenney's testimony.

The fourth assignment of error attacks the action of the court in giving a certain instruction upon its own motion. The court's instructions are not contained in the original transcript and while they are to be found in the supplemental transcript, we have already determined that the same should not be permitted to be filed. The instruction complained of is therefore not properly before the court and will not be considered. (*Sweaney & Smith Co. v. St. Paul Ins. Co., supra.*)

Assignment No. 5 calls into question the action of the court in refusing to grant appellant's motion for a directed verdict upon the ground that the uncontradicted evidence showed probable cause for instituting criminal proceedings. It will be remembered that five separate and distinct criminal complaints charging embezzlement were filed against respondent, and if there was want of probable cause in the instituting of all or any one of the criminal actions we would not be warranted, under the above assignment, in reversing the judgment. Probable cause has been defined by this court in the case of *Nettleton v. Cook,* 30 Ida. 82, 87, 163 Pac. 300, 302, L. R. A. 1917D, 1194, as "the existence of such facts

or circumstances as would excite the belief of a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted.''

While the rule is well settled that the plaintiff has the burden of establishing want of probable cause, since want of probable cause involves a negative, slight proof thereof is all that the law requires to make a *prima facie* case (18 R. C. L., p. 52, sec. 32; 26 Cyc. 85, note 21; *Vinal v. Core,* 18 W. Va. 1, 41; *Chapman v. Dodd,* 10 Minn. 350 (Gil. 277, 291); *Williams v. Vanmeter,* 8 Mo. 339, 41 Am. Dec. 644, 647; *Kolka v. Jones,* 6 N. D. 461, 66 Am. St. 615, 626, 71 N. W. 558; *Grant v. Deuel,* 3 Rob. (La.) 17, 38 Am. Dec. 228), or as stated by the supreme court of Montana in the case of *Martin v. Corscadden,* 34 Mont. 308, 86 Pac. 33, 36:

''When the proof tends to show the absence of the former (probable cause), a *prima facie* case is made for the jury. The burden then rests upon the defendant to rebut this *prima facie* case, and this he must do by any evidence tending to show the existence of probable cause, and the want of malice on his part.''

The supreme court of the United States, in discussing this point in the case of *Brown v. Selfridge,* 224 U. S. 189, 192, 32 Sup. Ct. 444, 446, 56 L. ed. 727, 729, said:

''While it is true that the want of probable cause is required to be shown by the plaintiff, and the burden of proof is upon her in this respect, such proof must necessarily be of a negative character, and concerning facts which are principally within the knowledge of the defendant. The motives and circumstances which induced him to enter upon the prosecution are best known to himself. This being true, the plaintiff could hardly be required to furnish full proof upon the matter. She is only required to adduce such testimony, as, in the absence of proof by the defendant to the contrary, would afford grounds for presuming that the allegation in this respect is true. 1 Greenl. Ev., sec. 78. In other words, the plaintiff was only obliged to adduce such proof, by circumstances or otherwise, as are affirmatively within her con-

trol, and which she might fairly be expected to be able to produce. As Mr. Justice Clifford put it, in *Wheeler v. Nesbitt, supra,* 'the plaintiff must prove this part of the case' affirmatively, by circumstances or otherwise, as he may be able.''

We are not prepared to hold that the uncontradicted evidence in this case showed probable cause for the institution of the criminal proceedings against respondent. Slight proof of want of probable cause, by reason of the fact that it involves a negative, is all that the law requires to make a *prima facie* case, and before we would be warranted in holding that the trial court erred in refusing to grant appellants' motion for directed verdict we must first reach the conclusion that there was a lack of slight proof of want of probable cause. For instance, referring to one particular charge of embezzlement laid against respondent, namely, the alleged embezzlement of $100 on August 28, 1918, it was clearly shown upon the trial that a check for this amount was given in payment of a Liberty bond which was personally delivered by respondent to the treasurer of the Capital Electric Company. This transaction appeared upon the books of the company and so far as the record shows, possessed none of the features of an unusual transaction or such a transaction as would cause a reasonable and prudent person to reach the conclusion that respondent was guilty of embezzlement of the funds of the company to this amount. At least it was such a transaction as a competent auditor could readily have discovered to be regular. Again, referring to the criminal complaint charging respondent with embezzling $3,200 of the moneys of the Citizens Electric Supply Company, a careful examination of the record discloses the fact that appellants did not even attempt to prove upon the preliminary hearing that respondent had embezzled by far the greater portion of this amount. Therefore, we are not in a position to say, under the rule above announced, that the uncontradicted evidence showed probable cause, but upon the other hand it would seem that there was sufficient competent evidence to show a want of probable cause.

Assignment of error No. 6 involves the action of the court in refusing appellants' motion for a directed verdict on the ground that respondent Kenney, prior to the institution of the criminal proceedings, fully and fairly presented all of the facts known to him to his attorney and to the prosecuting attorney of Twin Falls county and was by them advised that sufficient facts existed to warrant the institution of criminal proceedings. Whether there was a complete disclosure of all the facts and circumstances made by Kenney to his attorneys and the prosecuting attorney was for the jury to decide.

"It is a question of fact whether a party or his agent has fairly communicated to his counsel all the facts which he knew or ought to have known and whether he acted in good faith upon the advice received, where different conclusions might be drawn from the evidence. When the facts of the case and those laid before the attorney are all in evidence, the jury must determine whether the statement was full and fair, and whether under the peculiar circumstances of each case the advice of counsel is a complete defense." (26 Cyc. 111.)

As was said in the case of *Kitchen v. Rosenfeld,* 44 R. I. 399, 117 Atl. 537:

"Whether the prosecutor acted upon advice of counsel and whether he made a complete disclosure of all the facts and circumstances are questions of fact for the jury. (*Fox v. Smith, supra.*) The mere statement of the prosecutor in giving evidence in his defense, that he made a full and fair disclosure of all the facts to his counsel, is not conclusive. What he stated should be proved and the jurors should decide whether the statement made was a full and fair one or not. (*McLeod v. McLeod,* 73 Ala. 42.)"

To the same effect, see *Cornner v. Hamilton,* 62 Mont. 239, 204 Pac. 489; *Fadner v. Filer,* 27 Ill. App. 506; *Connelly v. White,* 122 Iowa, 391, 98 N. W. 144; *Kehl v. Hope Oil-Mill & Compress Co.,* 76 Miss. 762, 27 So. 641; *L. Bucki & Son Lumber Co. v. Atlantic Lumber Co.,* 121 Fed. 233, 57 C. C. A. 469.

· Coming now to assignment of error No. 7, which questions the sufficiency of the evidence to sustain the verdict and the judgment entered thereon, since this assignment involves the same questions heretofore disposed of, further discussion is unnecessary.

The judgment as to the General Electric Company should be reversed and as to the other appellants it should be affirmed, and it is so ordered.

William A. Lee, C. J., Wm. E. Lee and Givens, JJ., concur.