DOYLE M. CARLSON, APPELLANT, v. ANNA SCHROEDER ET AL., APPELLEES.

82 N. W. 2d 416

Filed April 19, 1957. No. 34183.

*Paul Rhodes,* for appellant.

*Townsend & Youmans,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action brought in the district court for Morrill County by Doyle M. Carlson, plaintiff, to recover damages for wrongful attachment against Anna Schroeder as attaching creditor, Earl Yeoman, the sheriff of Morrill County, and Paul Hair, deputy sheriff of said county. The defendants demurred to the plaintiff's petition on the ground that the facts stated therein were insufficient to constitute a cause of action. This demurrer was sustained. The plaintiff refusing to plead further, the trial court dismissed the plaintiff's action. From this order, the plaintiff appeals.

The plaintiff's petition, insofar as it need be considered in this appeal, alleged in substance that Earl Yeoman was the duly elected, qualified, and acting sheriff of Morrill County, and Paul Hair was the duly acting and qualified deputy sheriff of said county from August 19, 1952, to November 23, 1952; that on August 19, 1952, Anna Schroeder commenced an action for attachment in the county court of Morrill County against the plaintiff, Doyle M. Carlson, for money damages; that thereafter, on August 19, 1952, Earl Yeoman and Paul Hair proceeded to the premises of the plaintiff and then and there did take possession of certain livestock and a saddle, all being property of the plaintiff; and that thereafter the plaintiff filed various motions for dissolution of attachment, the last of such motions being filed in the district court on October 18, 1952. This motion was predicated on section 25-1008, R. R. S. 1943. The petition further alleged that the attachment be dissolved for the reason that the execution of the order of attachment by the sheriff was not made in the presence of two residents of the county as required by said section. The attaching creditor resisted this motion. The trial court sustained the motion and the property attached by the sheriff was discharged from the attachment. The petition further set forth that the sheriff and his deputy, from August 19, 1952, to November 22, 1952, wrongfully held livestock belonging to the plaintiff and improperly cared for such livestock. In addition, the petition set forth other elements of damage alleged to have been suffered by the plaintiff by reason of the wrongful attachment, and prayed for damages.

For convenience we will refer to the parties as they were designated in the district court.

The plaintiff assigns as error that the trial court committed prejudicial error in sustaining the demurrer of the defendants and dismissing the plaintiff's action.

The question to be determined in this appeal is whether or not the plaintiff's petition states a cause of action for

damages for wrongful attachment against the attaching creditor, the sheriff, and the deputy sheriff of Morrill County.

At the outset it might be said that section 25-1008, R. R. S. 1943, was violated by the sheriff as heretofore set forth.

The plaintiff's petition contains no allegation to the effect that he brought the present action upon any attachment bond, or that his action was brought upon the official bond of the sheriff or his deputy.

This is an action for wrongful attachment. Section 25-1003, R. R. S. 1943, provides in part that: "* * * the plaintiff shall pay the defendant all damages which he may sustain by reason of the attachment if the order be wrongfully obtained."

In Storz v. Finklestein, 48 Neb. 27, 66 N. W. 1020, this court held: "In the absence of malice, an action for the wrongful suing out of an attachment can be maintained alone on the attachment bond. To maintain an action independently of the statute, and not on the bond, malice in suing out the writ and want of probable cause must be averred and shown." While this case was reversed in part on rehearing, 50 Neb. 177, 69 N. W. 856, such reversal did not change the rule as set forth in this opinion and as shown by other authorities cited herein.

In Jones v. Fruin, 26 Neb. 76, 42 N. W. 283, the court held: "To sustain an action for malicious attachment of property, it is necessary to prove want of probable cause, malice, and damage to the plaintiff from the issuing of the attachment." See, also, Parmer v. Keith, 16 Neb. 91, 20 N. W. 103.

As stated in Storz v. Finklestein, *supra:* "In an action upon the attachment undertaking, malice need not be either alleged or proven. We have no statute in this state which permits an attaching · debtor to recover damages for the mere wrongful suing out of a writ of attachment, except upon the bond; and, in the absence of such a statutory provision, such an action cannot be

maintained." But, where the plaintiff does not sue upon the bond, but independent of it, then the action is one in the way of an action for malicious attachment, in which case the plaintiff would be compelled to allege and prove want of probable cause and malice. See Jones v. Fruin, *supra.*

Independently of statute and aside from the remedy on the bond, an action can be maintained against the attaching plaintiff for a wrongful and malicious attachment, and the action is similar to one for malicious prosecution and governed by substantially the same rules. Both malice and want of probable cause must be shown. Jones v. Fruin, *supra;* Storz v. Finklestein, *supra.* In the absence thereof, the only remedy is upon the attachment bond, there being no liability for wrongful attachment as such. See 1 Fisher, Courts of Limited Jurisdiction, § 134, p. 227.

In Mitchell v. Silver Lake Lodge, 29 Or. 294, 45 P. 798, the court held: "In an action for unlawful attachment, not brought upon the attachment bond, the complaint must allege that the attachment was sued out maliciously and without probable cause, * * *." The court further said: "It is certain that a defendant who has sustained an injury by the attachment of his property maliciously and without probable cause, has two remedies for the recovery of his damages,—first, by an action on the undertaking; and, second, by an action for the malicious attachment."

As stated in Vesper v. Crane Co., 165 Cal. 36, 130 P. 876, L. R. A. 1915A 541: "When, however, the attachment defendant undertakes to proceed against the attachment plaintiff alone and independent of any right of action upon the bond, he must allege and show malice and want of probable cause on the part of the attachment plaintiff as required by the principles of the common law in actions for malicious prosecution. The averment of malice and want of probable cause go to the very gist of the action by the attachment defendant, and

no recovery can be had unless these essential elements of liability are alleged and established by the evidence."

There is no averment in the plaintiff's petition that the attaching creditor maliciously and without probable cause procured the attachment to be issued and levied. Therefore, cause of action is not made as against the attaching creditor. The plaintiff's petition does not allege that the attachment was obtained by any of the defendants without probable cause, and does not allege malice on the part of any of the defendants.

For the reasons herein given, we conclude that the judgment of the trial court in sustaining the defendants' demurrer to the petition of the plaintiff and dismissing the plaintiff's action was correct and should be, and is hereby, affirmed.

AFFIRMED.