(April 18, 1906.)

## WILLIAM J. RUSSELL, Appellant, v. A. V. CHAMBER-LAIN et al., Respondents.

[85 Pac. 926.]

MALICIOUS PROSECUTION—DEFENDANTS JOINED—WANT OF PROBABLE CAUSE AND MALICE—ALLEGATIONS OF COMPLAINT—DEMURRER.

1. It is not necessary in an action for malicious prosecution to allege that all of the defendants combined in instituting the proceedings complained of. If, after the proceedings were commenced, they, without probable cause and with malice, participate voluntarily in the prosecution, they may be joined in an action as defendants with the person or persons who instituted the action.

2. Want of probable cause and malice must coexist.

3. Actions for malicious prosecutions are not favored in law and have been hedged about by limitations more stringent than in many other acts causing damage to another.

4. *Held,* that the complaint states a cause of action and that the court erred in sustaining the demurrers thereto.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for Kootenai County.   Hon. Ralph T. Morgan, Judge.

Action for malicious prosecution.   Demurrer to complaint sustained and judgment of dismissal entered.   Judgment reversed.

R. E. McFarland, for Appellant.

It is not necessary to prove that the defendants were the originators of the proceedings complained of.  If they participated voluntarily in the malicious prosecution, and it was carried out with their countenance and approbation, they will be liable.   (Newell on Malicious Prosecution, 368; 1 Kinkaid on Torts, par. 55; *Stansbury v. Fogle,* 37 Md. 369; *Mauldin v. Ball,* 104 Tenn. 597, 58 S. W. 248; *Dreux v. Domec,* 18 Cal. 83; *Finley v. St. Louis Ref. & W. G. Co.,* 99 Mo. 559, 13 S. W. 87; *Porter v. Martyn* (Tex. Civ. App.), 32

S. W. 731; *Brown v. Chadsey,* 39 Barb. 253; *Christian v. Hanna,* 58 Mo. App. 37.)

McClear & Burgan and Robert H. Elder, for Respondents.

In this case there is no charge against any of the respondents having commenced, advised or instigated the prosecution, and the complaint does not state facts sufficient to constitute a cause of action against any of them.

The essential element of the charge of malicious prosecution, viz., probable cause, is entirely wanting in the case of either one of the respondents who has been served with process.

The test of probable cause is to be applied as to the time when the action complained of was commenced, and facts that came to defendant's knowledge afterward are no protection. (Cooley on Torts, 183.) To support an action for malicious criminal prosecution the plaintiff must prove, in the first place, the fact of prosecution and that the defendant was the prosecutor, or that defendants instigated its commencement and that it terminated in plaintiff's acquittal. (*Wheeler v. Nesbitt,* 24 How. (65 U. S.) 544, 16 L. ed. 765.)

It must appear that the prosecution was instigated by the defendant, and the *onus* is upon the plaintiff to show that the defendant was the prosecutor, and that the prosecution was without reasonable or probable cause. (*Farnum v. Feeley,* 56 N. Y. 454; *Harkrader v. Moore,* 44 Cal. 144.)

SULLIVAN, J.—This is an action to recover damages for an alleged malicious prosecution. Demurrers to the amended complaint were sustained and judgment of dismissal was entered and the plaintiff appeals therefrom. All of the defendants, except Frank M. Crandall, were served with summons and appeared. The defendant Crandall was not served and did not appear. It is alleged in the complaint that on the eleventh day of April, 1904, in Kootenai county, the said Crandall made, signed, swore to and filed with a justice of the peace, in said county, a certain complaint or in-

formation in writing charging and accusing the plaintiff with having unlawfully, willfully, maliciously and feloniously set fire to and caused to be burned, in the night-time, a certain mercantile warehouse, situated in Coeur d'Alene City, with the intent then and there willfully, maliciously and feloniously to destroy said building, and caused said justice of the peace to issue a warrant for the apprehension and arrest of the plaintiff upon said charge, and that the plaintiff was arrested by virtue of said warrant; that the acts of said Crandall therein were malicious and without reasonable or probable cause. Then follows an allegation that on or about the eleventh day of April, 1904, the defendants, contriving and maliciously intending to injure plaintiff in his good name and reputation, caused him to be imprisoned without any reasonable or probable cause therefor, and wickedly conspired, combined and agreed together among themselves to prosecute plaintiff upon said charge, and procured the plaintiff to be examined before said justice of the peace upon said charge, and by said justice of the peace held over to answer said charge at the next term of the district court in and for said county, and caused him to be imprisoned, informed against and prosecuted in said district court upon said charge; that in pursuance of said conspiracy, the defendants, still contriving and maliciously intending to injure plaintiff in his good name and reputation, and to cause him to be imprisoned without any reasonable cause, therefor, "employed and procured certain detectives to secure the attendance of certain persons to attend before said justice of the peace at said examination and testify under oath against plaintiff, and that said detectives did accordingly procure certain persons to attend and under oath give false and perjured testimony before said examining magistrate against plaintiff in said prosecution." It is also alleged that the defendants procured and employed as private and special counsel an attorney from Spokane, Washington, to assist in the prosecution of the plaintiff. It is also alleged that pursuant to the said conspiracy, the defendants, without reasonable or probable cause, corruptly and wrongfully solicited, requested

and induced said justice of the peace to hold plaintiff to answer said charge and to fix his bail in a sum beyond his ability to furnish, and that the justice of the peace did so, and fixed his bail at $5,000; that in pursuance of said conspiracy, the defendants procured the county attorney for said county to make and file in the district court an information in writing charging the plaintiff with said crime, and that thereafter the plaintiff appeared in the district court ready and willing to stand his trial upon said information, whereupon the county attorney on the twenty-fifth day of February, 1905, after consulting and advising with the defendants, and at their request, did then and there move said district court to discharge said plaintiff, which was done, and the plaintiff discharged out of custody, and that said prosecution is wholly ended and determined in favor of the plaintiff. In the eleventh paragraph of the complaint it is alleged that all of the acts of said defendants alleged in the complaint "were malicious and without any reasonable or probable cause therefor, and with the exception of the making and filing of the said complaint or information with said justice of the peace as aforesaid, were committed by the said defendants jointly." Then follows specific allegations of damage, and it is alleged that by reason of the acts complained of the plaintiff has been damaged in the sum of $20,000, and prays judgment for that amount.

Two demurrers were filed by respective defendants, and the main ground of demurrer in each was that the amended complaint does not state facts sufficient to constitute a cause of action. Those demurrers were sustained and judgment of dismissal was entered.

Two errors are assigned: 1. The court erred in sustaining said demurrers; and 2. The court erred in entering the judgment of dismissal.

It is first contended by counsel for defendants that as the other defendants did not join with Crandall in instituting the criminal prosecution against the plaintiff, they cannot be properly joined with Crandall as defendants in this action. There is nothing in that contention, for in this class of cases

it is not necessary to prove that all of the defendants were originators of the proceedings complained of. If after the proceedings were commenced they voluntarily conspired and maliciously joined in such prosecution without probable cause, they may be held liable. (1 Kinkaid on Torts, par. 55; *Stansbury v. Fogle*, 37 Md. 369; *Mauldin v. Ball*, 104 Tenn. 597, 58 S. W. 248; *Dreux v. Domec*, 18 Cal. 83; *Finley v. St. Louis Ref. & W. G. Co.*, 99 Mo. 599, 13 S. W. 87; *Porter v. Martyn* (Tex. Civ. App.), 32 S. W. 731.) In order to recover, want of probable cause and malice must coexist, and must be alleged and proved.

The only remaining question before us for decision is whether the amended complaint contains facts sufficient to constitute a cause of action. *In limine,* the action for mali- cious prosecution is not favored in law, and hence has been hedged about by limitations more stringent than in the case of almost any other act causing damage to another. (*Small v. McGovern,* 117 Wis. 108, 94 N. W. 651; *Grant v. Deuel,* 3 Rob. 17, 38 Am. Dec. 228.) In order to recover in this action the plaintiff must allege and prove (1) that there was a prosecution; (2) that it terminated in favor of the plaintiff; (3) that the defendants were prosecutors; (4) that they were actuated by malice; (5) that there was a want of probable cause; and (6) the amount of damages that plaintiff has sustained.

Upon a careful consideration of the allegations of the complaint, we conclude that they state a cause of action. The judgment and the order sustaining the demurrers must be set aside and the case remanded, with instructions to the trial court to permit the defendants to answer within a reasonable time. Costs of this appeal are awarded to the appellant.

Stockslager, C. J., and Ailshie, J., concur.

Rehearing denied July 7, 1906.