(No. 7126.  October 8, 1943.)

MAGGIE  M.  FOWLER, Respondent,  v.  HAROLD  B. RUEBELMANN, Appellant.

[142 Pac. (2d) 594.]

Rehearing denied November 15, 1943.

P. C. O'Malley for appellant.

F. E. Tydeman for respondent.

DUNLAP, J.—It appears from the record that on November 22, 1942, and prior thereto, the appellant was the manager of the Dearborn Hotel located in Pocatello, Idaho, consisting of some 36 rooms. Respondent, a resident of Pocatello off and on for some 40 years had been an employee of the hotel, beginning her work there April 25, 1940, at which time she went to work for Mrs. Ruebelmann, appellant's mother, who was then in charge of the hotel. Respondent did the maid work and also cared for Mrs. Ruebelmann, and also rented rooms and continued to work in that capacity until the death of Mrs. Ruebelmann on July 20, 1942. Appellant took charge of the hotel at that time and respondent continued as his employee in the same capacity, until requested by appellant to do some additional cleaning work. Respondent was unwilling to do this work, and quit appellant's employ. Respondent, during the course of her employment in the hotel under both appellant and his mother, had received as part of her compensation her room rent, and upon the termination of that employment she continued to occupy at the hotel a room for which she paid $4.00 per week in advance. She remained in the hotel for about two weeks after ceasing her work, having paid rental for one week in advance, and upon the occasion of the payment of the second week's rental to and including Sunday, November 22, 1942, she was advised by appellant that he would want the room she was occupying, the following Sunday, the date to which the rent was paid and, upon this occasion, respondent advised appellant that he could not have the room as she had no place to move. The rental thus paid was for single occupancy, at the rate of $4.00 per week.

At the time of appellant's demand for the room, as aforesaid, respondent's son and wife had moved into and were occupying the room with her. Respondent, when advised that there would be an extra charge, stated that she would pay when she got a place to move. However, this additional room rental for the two extra occupants was never paid by respondent, or by either of the other occupants. Respondent was familiar with the rates and regulations of the hotel, and knew that there was a rate for a single person, and another or additional rate for two persons, and knew that there was no rate for occupancy

of a room by three persons. The room in question was occupied by respondent, her son, and her daughter-in-law from November 15, 1942 to the day before Thanksgiving, which was November 26, 1942, or a period of about ten days. On Sunday, November 22, 1942, when respondent returned from her work in the evening, she found the door a little hard to unlock, but did get into the room with her key and found that the lock had been changed. However, nothing was said to appellant about the matter. The next evening when she came from her work, the hotel bedding was off of the bed, and they used, in lieu thereof, bedding belonging to respondent's son and his wife, and the next evening when they came home, all bedding had been taken out of the room, together with the bedstead and chairs.

On November 23, 1942, appellant swore to a criminal complaint against respondent, her son, and her daughter-in-law, before Justice of the Peace William J. Ryan, charging them with wilfully, unlawfully and forcibly taking possession of the "sleeping compartment" on November 22, 1942. A warrant was issued on this complaint and all of the persons so charged were arrested and arraigned on the charge before the justice, and pleaded not guilty on that date. They were released on their own recognizance. No trial or hearing was ever had, or testimony taken. Thereafter Mr. Tydeman, an attorney at law, talked to the prosecuting attorney of Bannock County on behalf of the defendants, whom he was then representing. As a result of that conversation, the prosecuting attorney made an investigation, but he did not talk to the complaining witness nor to either of the defendants. He did talk to the officers and Judge Ryan, and to one Ben Peterson. As a result of this investigation, the prosecuting attorney in the criminal action filed a motion to dismiss the complaint as against all of the defendants. The motion was granted by order of the justice, dated December 8,.1942.

Thereafter, and on December 12, 1942, the complaint in the present action was verified by respondent, and filed in the said District Court on January 6, 1943. Upon the trial, the jury rendered a verdict in favor of respondent and against appellant, in the sum of $500. Judgment was entered on this verdict, and this case is here on appeal from that judgment and from the order denying motion to set aside verdict and for new trial, which was duly and timely made.

Appellant likewise made due and timely motions for nonsuit and directed verdict, which were denied.

Assigned errors are grouped as follows:

(1) That the court erred in denying motion for nonsuit, on the ground that the complaint does not state facts sufficient to constitute an action for malicious prosecution, and

(2) That the court erred in not granting appellant's motion for directed verdict and that the verdict is not supported by the evidence or the law, and in not granting appellant's motion to set aside the verdict and for judgment for appellant.

The complaint alleges that on November 23, 1942, appellant maliciously and without probable cause obtained a warrant for respondent's arrest on the charge of forcible possession of the room, before said Justice of the Peace; it alleges that respondent was arrested thereon, brought before the justice, arraigned, pleaded not guilty, was released on her own recognizance, the filing of the motion of the prosecuting attorney for dismissal, and the dismissal of the complaint and discharge of respondent from further liability on account of said charge, and her release; that many persons who were well acquainted with respondent knew of her arrest and, hearing of same, supposed her to be a criminal and made remarks and suggestions to plaintiff which humiliated her and caused her to be disgraced, and that she had been otherwise injured in her good name and reputation and by means thereof had sustained damages in the sum of $5000, for which sum she asked judgment.

A complaint of this nature which alleges (1) that there was a prosecution, (2) that it terminated in favor of plaintiff, (3) that defendants were prosecutors, (4) that they were actuated by malice, (5) that there was want of probable cause, (6) amount of damages sustained, is sufficient as to pleading. (34 Am. Jur., p. 769, sec. 111; *Russell v. Chamberlain*, 12 Ida. 299, 85 P. 926; *Horner v. Chamberlain*, 12 Ida. 304, 85 P. 927.)

Tested by the foregoing rule, and from a careful consideration of the complaint, we conclude that it states a cause of action.

Appellant's motions for nonsuit and directed verdict and new trial raise the question of the sufficiency of the evidence to justify the verdict and judgment.

█ Not only must a complaint of this nature contain the material allegations above set out, but these allegations and each of them must be proven and sustained by the evidence. (*Russell v. Chamberlain,* 12 Ida. 299, 85 P. 926.) The burden is on a plaintiff to prove every essential element of his cause of action and such proof is indispensible. (38 C. J., p. 475, sec. 146.) Appellant has strenuously argued the failure of the evidence to show want of probable cause which, as heretofore pointed out, is an indispensible element in a suit of this nature. (38 C. J., p. 398, sec. 26; *Castles v. Lynch,* 36 Ida. 636, 212 P. 970; *Barton v. Woodward,* 32 Ida. 375, 182 P. 916, 5 A.L.R. 1090.)

█ Respondent contends that as the prosecuting attorney found no just cause existed for filing of the criminal complaint, such finding is equivalent to the finding of "want of probable cause." With this contention we cannot agree. The rule is stated in 34 Am. Jur., p. 742, sec. 62, as follows:

"According to the weight of authority, an abandonment of the prosecution by the complaining witness, a discontinuance at the instance of the prosecuting attorney, a dismissal by the magistrate or court without a hearing of all the evidence, and other similar terminations of a criminal proceeding whereon an action of malicious prosecution has been based are not regarded as constituting evidence of want of probable cause, and they raise no presumption thereof. * * *"

(See also *McIntosh, et al. v. Wales,* 21 Wyo. 397, 134 P. 274; Ann. Cas. 1916C 273; *National Life & Accident Ins. Co. v. Gibson,* 31 Ky. L. Rep. 101 S. W. 895, 12 L.R.A. (NS) 717.)

█ This court has stated "while the rule is well settled that the plaintiff has the burden of establishing want of probable cause, since want of probable cause involves a negative, slight proof thereof is all that the law requires to make a prima facie case." (*Douglas v. Kenney,* 40 Ida. 412, 233 P. 874.)

█ However, careful examination of the evidence in this case fails to show even slight proof of want of probable cause for the institution of the criminal action. Appellant herein had notified the respondent that he would require possession of the room formerly leased, at the expiration of the term for which rental was paid. Respondent's response was to effect that possession would not be given

until convenient. Thereafter, appellant at the expiration of the term, placed a new lock on the door, and locked the same. This fact was known to respondent at least after she had, with some difficulty, unlocked the door, but she continued, with her son and daughter-in-law, after she had thus unlawfully entered, to occupy and use the room, in violation of the rules of the hotel, with which she was familiar, and, in spite of the fact that her term had been terminated, and her act, in thus taking possession of the room under these circumstances, without paying for the same, would justify any prudent person in concluding that she meant to carry out her expressed intention to continue her occupancy until such time as it was convenient for her to move, with intent to defraud the appellant. The fact remains that the evidence shows she did not pay, or offer to pay for the use of this room after she thus unlawfully obtained possession thereof.

Probable cause has been defined by this court as "the existence of such facts or circumstances as would excite the belief of a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." (*Nettleton v. Cook*, 30 Ida. 82, 163 P. 300.)

Sec. 17-3910, I.C.A., reads as follows:

"Any person who shall obtain food, lodging or other accommodations at any hotel, lodging house, furnished room, boarding house or other eating house, with intent to defraud the owner or keeper thereof by not paying for the same, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than $25.00 and not exceeding $100.00, or imprisonment in the county jail not less than five days nor more than thirty days, or both, in the discretion of the court."

While probably respondent was not sufficiently charged under said section, nevertheless this fact does not rebut the fact of the existence of probable cause for the filing of the criminal complaint for violation thereof. (*Nettleton v. Cook*, 30 Ida. 82, 163 P. 300.)

Under the evidence as produced in this case, we conclude that a reasonable man would be justified in the belief that respondent was obtaining, and attempting to obtain, the use of this room for herself and her relatives, in violation of the law and that appellant's complaint before the magis-

trate was justified. Respondent's violation of the above section is not only shown by her own admissions, but is abundantly proven by all the facts and circumstances appearing upon the trial of this case.

As there was no evidence of want of probable cause, the court should have granted the motion for nonsuit, or should have directed verdict for defendant. The rule is state in 16 Cal. Jur., page 753, sec. 18, as follows:

"* * * Where there is no evidence of want of probable cause, or where, upon the undisputed facts and the view of the disputed facts most favorable to the plaintiff, the court can say as a matter of law that there was probable cause, the court should not submit any question to the jury, but should grant a nonsuit or direct a verdict for the defendant."

See also *Davis v. Pacific Telephone & Telegraph Co.*, 127 Cal. 312, 57 P. 764; *Ball v. Rawles*, 93 Cal. 222, 28 P. 937, 27 Am. St. Rep. 174; *Jirku v. Brod*, 42 Cal. App. 796, 184 P. 413.

Errors are assigned by appellant other than the ones herein discussed, but in view of the fact that the evidence fails to show that appellant acted without want of probable cause, we have confined our discussion chiefly to this one assignment.

The action of the district court in denying appellant's motion for nonsuit was error and the judgment is reversed, and the cause remanded with instructions to the trial court to sustain the motion and to dismiss the action.

Costs to appellant.

Holden, C.J., and Ailshie, Budge, and Givens, JJ., concur.