281 P.2d 1050

**Roy THOMAS, Plaintiff-Respondent,**

v.

**W. J. HINTON, Defendant-Appellant.**

**W. J. HINTON, Darrell Smith and Cecil Cooper, Cross-Complainants,**

v.

**Roy THOMAS, Cross-Defendant.**

No. 8235.

Supreme Court of Idaho.

April 5, 1955.

338

Anderson, Kaufman & Kiser, Boise, for appellant and cross-complainants.

Grant L. Ambrose, Meridian, for respondent and cross-defendant.

ANDERSON, Justice.

December 3, (appellant contends it was December 6) 1952, two men with a truck went to a farm near Grandview, Idaho, owned by W. J. Hinton, appellant, and Darrell Smith, which was being farmed by Cecil Cooper as a share-crop renter. No one was home but Virgil Gillihan, who was working for Cooper. The men told him they had purchased some hay from Cooper. Gillihan stated he knew nothing about it, but finally showed them where the stack was and they took a load of hay. The next day when he saw Cooper, Gillihan told him about the hay being taken and Cooper stated he knew nothing about any sale of hay or who could have taken it. Later appellant was informed and he, likewise, knew nothing about who took the hay, but commenced making inquiry at Grandview, without success. He got a lead later that it might be someone from Meridian. December 12, he and Cooper went to Meridian and made inquiry as to who had been hauling hay and finally contacted Frank Logan, who stated he had hauled a load of hay from the Cooper place December 3, 1952, for respondent and had it weighed at Mountain Home, and that he thought the hay had been paid for. The weight slip does not disclose that it was hay from the Cooper place and appellant contends his hay was not taken until December 6, 1952.

December 12, 1952, appellant and Cooper contacted respondent at the Meridian Feed and Fuel Store and claimed that eight tons were taken for which they should be paid $25 per ton, or $200. Appellant contends respondent at first denied knowing anything about any hay taken from the Cooper place and that he never offered to pay for it at that time. Respondent claimed only 5.51 tons were taken and that $137.75 was the correct amount; that he had given a check to one Roy McConnell to give to Cooper when he went to Grandview for hay. He claims he offered to pay as soon as the check was returned to him, but he would not until then. Thereafter, a check was mailed by respondent's attorney to appellant for $137.80. It was refused and then payment stopped.

Nothing was said at this meeting about hay being sold or purchased, but the evidence disclosed that on or about November 30, respondent and Eugene Welker went to

Grandview looking for hay. They saw Cecil Cooper parked in Grandview with a load of hay and asked him if he was selling it, and the price. Cooper told him he was selling to Nevada people for $25 a ton. Respondent contends Cooper told him he could have not to exceed 20 tons at $25 per ton. Cooper denied this and stated he never sold respondent any hay. Cooper testified he told respondent he didn't know whether there would be any hay left after the Nevada sale and to see him in a week or so. He was a share-crop tenant on property owned by appellant and Darrell Smith and had no authority to sell without appellant's consent.

December 13, appellant contacted the Prosecuting Attorney of Ada County to ascertain what he should do about the matter and a few days later was informed this was an Owyhee County matter, rather than an Ada County one, the hay having been taken in Owyhee County. Appellant then contacted his own attorney, Eugene H. Anderson, and told him all the facts and circumstances about the matter that were within his knowledge, which facts and circumstances were related in detail at the trial in this case, both by appellant and by his attorney. His attorney advised him the crime of grand larceny had been committed and to have respondent arrested. At a subsequent conference, his attorney called the Prosecuting Attorney of Owyhee County, Richard Eismann, and made an appointment for January 12, 1953, for ap-

pellant to meet him at Murphy, the County seat. Appellant made a full and complete disclosure to Prosecuting Attorney Eismann of all the facts within his knowledge concerning the taking of the hay, as is disclosed both by the testimony of appellant and Mr. Eismann, each relating in detail what facts were disclosed. Mr. Eismann advised appellant that in his opinion the crime of grand larceny had been committed by respondent, warranting prosecution, and he prepared a criminal complaint so charging respondent. Acting upon the advice of his own attorney and the Prosecuting Attorney, appellant signed the complaint.

Thereafter, the sheriff contacted respondent, but did not arrest him and permitted respondent and his attorney to voluntarily appear for arraignment on the charge.

March 2, 1953, preliminary hearing was held before the probate judge of Owyhee County and respondent was discharged, the judge stating he did not want to put the County to the expense of a criminal trial and respondent could seek civil remedy. Respondent thereafter filed this malicious prosecution action against appellant.

Appellant answered and, among other things, set up an affirmative defense of advice of counsel. He, Darrell Smith, and Cecil Cooper filed a cross-complaint seeking $200 as the value of eight tons of baled hay alleged to have been taken, together with punitive damages.

To the cross-complaint, respondent filed an answer and as an affirmative defense,

claimed he had purchased the hay from Cooper and there were only 5.51 tons of the value of $25.00 per ton or $137.75, for which he admitted liability.

The matter was tried before a jury and at the conclusion of the evidence, appellant made a motion for a directed verdict against respondent on the ground the evidence conclusively showed appellant acted with probable cause in the institution of the criminal proceeding and that the testimony is uncontradicted that appellant made a complete and fair disclosure of all the facts concerning the taking of the hay, within his knowledge, to his attorney and to the Prosecuting Attorney of Owyhee County and was advised by each of them that, in his opinion, the crime of grand larceny had been committed and there was a valid basis for prosecution. The court denied the motion and submitted the matter to the jury. A verdict was rendered for plaintiff (respondent) in the sum of $3,416.16 actual damages and $1,000 punitive damages and the cross-complainants (appellant, Smith, and Cooper) were granted judgment against respondent in the sum of $137.75.

Thereafter, a motion was made by appellant for a new trial as to the judgment against him on the several grounds set out in the statute, Section R10—602, I.C. Motion for judgment notwithstanding the verdict also was made and both motions were denied by the court. This appeal was taken from the order denying the motion for a new trial.

Appellant alleges as errors the denying of the motion for a directed verdict, the refusing to grant a new trial and to grant judgment notwithstanding the verdict.

In the case of Clark v. Alloway, 67 Idaho 32, 37, 170 P.2d 425, 427, this Court stated:

"In limine, actions for malicious prosecution are not favored in law, hence have been hedged about by limitations more stringent than in the case of almost any other act causing damage to another. In order to recover in such an action the plaintiff must allege and prove. (1) that there was a prosecution; (2) that it terminated in favor of plaintiff; (3) that the defendants were prosecutors; (4) that they were actuated by malice; (5) that there was want of probable cause; and (6) the amount of damages that plaintiff has sustained. Russell v. Chamberlain, 12 Idaho 299, 85 P. 926, 9 Ann.Cas. 1173, and cases therein cited; Luther v. First Bank of Troy, 64 Idaho 416, at page 421, 133 P.2d 717."

This Court has indicated a dismissal upon preliminary examination constitutes sufficient evidence of lack of probable cause to make a prima facie case. Nettleton v. Cook, 30 Idaho 82, 163 P. 300, L.R.A. 1917D, 1194; Douglas v. Kenney, 40 Idaho 412, 233 P. 874; Lowther v. Metzker, 69 Idaho 115, 119(4), 203 P.2d 604.

However, appellant claims he is protected in this case, in that he relied upon advice

of counsel and acted in good faith upon such advice. He cites the case of Donaldson v. Miller, 58 Idaho 295, 300, 72 P.2d 853, 855, wherein this Court stated:

"In order to sustain the instant action against respondent Schwasinger it was incumbent upon appellant to prove, among other things, that there was, upon the part of respondent Schwasinger, want of probable cause for the prosecution alleged to have been malicious (cases) and in this connection this court has adopted the related general rule that advice of counsel is a complete defense to an action for malicious prosecution, either of civil or criminal actions, where it appears that the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement to the attorney of all the facts, and the fact that the attorney's advice was unsound or erroneous will not affect the result. (Cases.) In other words, if in the instant case respondent Schwasinger instituted this prosecution in reliance in good faith upon the advice of the prosecuting attorney, and such advice was given after the prosecuting attorney was advised of or had gained full and fair knowledge of all the true facts, respondent Schwasinger would not be liable as for malicious prosecution, even though the prosecuting attorney's advice was unsound or erroneous; that is,

even though in actuality there was want of probable cause for the prosecution..

\*    \*    \*    \*    \*    \*

" \* \* \* There being no dispute as to the facts, nor reasonable doubt concerning inferences drawn therefrom, the court properly entered judgment of nonsuit. (Cases.)

"The rule would seem to be quite general that in an action for malicious prosecution the question of whether or not there was probable cause is determinable by the court as a matter of law unless there is some evidence in dispute which requires submission to the jury. (Case.)"

This Court, in the case of Douglas v. Kenney, 40 Idaho 412, 425, 233 P. 874, 877, 878, stated:

" \* \* \* Whether there was a complete disclosure of all the facts and circumstances made by Kenney to his attorneys and the prosecuting attorney was for the jury to decide.

" 'It is a question of fact whether a party or his agent has fairly communicated to his counsel all the facts which he knew or ought to have known, and whether he acted in good faith upon the advice received, *where different conclusions might be drawn from the evidence. \* \* \*"* (Emphasis added.).

In the case of Lowther v. Metzker, 69 Idaho 115, 203 P.2d 604, 606, the Court stated:

"Likewise, if appellant made a full, fair and complete disclosure to an attorney and thereupon was advised by the attorney to institute the criminal prosecution, even though the attorney was mistaken as to the rectitude of such procedure, the action for malicious prosecution fails. Such disclosures, however, must be full and complete, and—

" '* * * The mere statement of a prosecutor, in giving evidence in his defense, that he made a full and fair disclosure of all the facts to his counsel, is not conclusive.' Douglas v. Kenney, supra, * * *.' "

In the Lowther case, supra, the Court further stated, 69 Idaho at page 120, 203 P.2d at page 607:

"* * * *The matter of complete disclosure and consent is certainly not clear or free from doubt, but peculiarly presented a question for the jury* and the burden of proof was upon appellant to prove he had not consented and had made a complete disclosure. Douglas v. Kenney, supra. *The state of the record is such as to impress us that it was a question for the jury and we cannot dispose of it as a matter of law.*" (Emphasis added.)

For informative purposes, even though our own cases are ample to sustain our decision in the case at bar, see 10 A.L.R.2d 1215, Annotation, where many decisions relating to the general subject of reliance on the advice of a prosecuting attorney as a defense to a malicious prosecution action are cited and reviewed. See also 34 Am.Jur. 747, No. 71, which states the general rule is that advice of counsel is a complete defense to an action for malicious prosecution where it appears the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement of all the facts to the attorney.

"An innocent person may be prosecuted unjustly, and subjected to the expense and disgrace incident thereto with no right to call the prosecutor to account, provided he acted upon an honest and reasonable belief in commencing the proceeding complained of. One may act on what appears to be true, even if it turns out to be false, provided he believes it to be true and the appearances are sufficient to justify the belief as reasonable.

"It is for the best interests of society that those who offend against the laws of the state shall be promptly punished, and that any citizen who has reasonable grounds to believe that the law has been violated shall have the right to cause the arrest of the person whom he honestly and in good faith believes to be the offender. For the purpose of protect-

ing him in so doing, it is the generally established rule that if he has reasonable grounds for his belief, and acts thereon in good faith in causing the arrest, he shall not be subjected to damages merely because the accused is not convicted. The rule is founded on the grounds of public policy in order to encourage the exposure of crime.

\*  \*  \*  \*  \*  \*

"'\* \* \* "In this class of cases the liability of juries to lose sight of the real issues, and to be influenced by sentiment, rather than the pertinent facts, is noted by careful observers. In the language of Mr. Newell: 'Our experience teaches us there are few questions of law more difficult of apprehension by a jury than those which govern trials for malicious prosecution. It seems difficult for them to appreciate, if the plaintiff was really innocent of the charge for which he was prosecuted, that he still ought not to recover. They do not readily comprehend why an innocent man may be prosecuted for a supposed crime or offense, and yet have no recourse against the prosecutor who caused his arrest and imprisonment.' Newell on Mal.Pros. 269."'" Montgomery Ward & Co. v. Pherson, Colo., 272 P.2d 643 at pages 646, 648.

If the defense of advice of counsel is worth anything to a party, it must be available when through error of law, as well as of fact, his action has failed; the lawyer's error will not deprive his client of the defense. 34 Am.Jur. 748, No. 71.

The Idaho cases, Lowther v. Metzker and Douglas v. Kenney, supra, cited in support of respondent's position wherein it was held to be a jury question whether a fair, full and complete statement was made in good faith to an attorney and his advice was so acted upon, are distinguishable from the case now under consideration for the reason that in each cited case such evidence was not shown by convincing or satisfactory, uncontradicted evidence. Where the defense is mainly based upon the advice of counsel and the evidence shows that a substantial question of fact was presented whether defendant had stated to counsel, whose advice he relied upon, all the material facts known to him, a directed verdict for defendant should not be granted. Messinger v. Fulton, 173 Kan. 851, 252 P.2d 904, 907; 54 C.J.S., Malicious Prosecution, § 100, p. 1094. In the present case, the evidence discloses the details of the complete statement made to counsel. The district judge, when ruling upon the motion for a directed verdict, stated:

" \* \* \* it is uncontroverted that he made a full and fair disclosure of his information on the subject and was not biased, notwithstanding that, plaintiff was released following a preliminary hearing; thus it is still a matter for the jury to determine whether defendant's action in filing a criminal

complaint was done in good faith and in reliance on that advice and information and whether probable cause existed."

We have made a careful and complete examination of the transcript in this case and agree with the district judge that a full and fair disclosure of appellant's information on the subject was made to the best of his knowledge, both to his own attorney and to the Prosecuting Attorney of Owyhee County, Idaho, wherein the matter arose. Each advised him that in his opinion respondent was guilty of the crime of grand larceny and that a prosecution would lie therefor.

"There is no evidence that the advice was not sought and acted upon honestly and in good faith upon a full and fair disclosure; and in such case the rule is well settled that such advice is conclusive on the question of probable cause. (Cases cited.)" National Surety Co. v. Page, 4 Cir., 58 F.2d 145 at page 150.

The establishment of a prima facie case of want of probable cause does not shift the burden of proof to the defendant in the action, nor does it make the question one of sufficiency or weight of the evidence so that the trial court cannot take the case from the jury and enter judgment for the defendant (appellant) as a matter of law, if the evidence is so clear and undisputed that all reasonable minds must reach the same conclusion therefrom. Huf v. Hague,

171 Wash. 302, 17 P.2d 844, 845; Ross v. O'Brien, 9 Cal.App.2d 1, 48 P.2d 718, 720.

"In actions for malicious prosecution the general rules respecting questions of law and fact in civil actions ordinarily are applicable.

"* * * It is the province and duty of the court to determine the preliminary question whether there is any evidence sufficient to justify the submission of the case to the jury. * * *

"* * * The court is not justified in taking the case from the jury and will not do so, where the evidence is conflicting, or where the evidence is uncontradicted but susceptible of different inferences, * * *." 54 C.J.S., Malicious Prosecution, § 95, pp. 1083-1084.

"'* * * an undisputed showing that the prosecuting witness had acted upon the advice of the prosecuting attorney, or other reputable counsel, after making a full and truthful statement of all the known facts, made it the duty of the court to find probable cause as a matter of law.'" Huf v. Hague, supra, 171 Wash. 302, 17 P.2d 844, 846.

Where the evidence clearly establishes that the defendant instituted the prosecution in good faith and on the advice of counsel, a motion for directed verdict in defendant's favor should be granted. Montgomery Ward & Co. v. Pherson, Colo., 272 P.2d 643.

■ It is our opinion that appellant complied with the advice of counsel rule. It, therefore, became a question of law for the court to decide and not a question of fact to be submitted to the jury and the motion for a directed verdict should have been granted.

"The rule that the granting of a new trial rests within the discretion of the trial court applies to the verdict in its entirety, without reference to whether the evidential weakness be in its amount or in some other controlling particular. However, where a motion for a new trial is based on a failure of the evidence to sustain the verdict and such failure is claimed to be due to the absence of any evidence reasonably tending to establish a fact essential to liability, the application is not addressed to the discretionary power of the court, but rests on legal principles and involves exclusively a question of law. Where, in the state of the record, the court should have granted a motion for judgment notwithstanding the verdict, it is an abuse of discretion to order a new trial." 66 C.J.S., New Trial, § 201, pp. 497–498.

Section R10–602(8), Idaho Code, provides:

"The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

\*  \*  \*  \*  \*  \*

"8. If in such application error is assigned in the denial upon the trial of a motion to direct a verdict, and the court upon said application for new trial determines that the motion to direct a verdict should have been granted, he may, in lieu of granting a new trial for such error, vacate any judgment that has theretofore been entered, and order a judgment for the moving party notwithstanding the verdict."

We are of the opinion that a judgment notwithstanding the verdict should be granted, as far as the malicious prosecution action is concerned. Sections R10–602(8) and R10–224, I. C. There was no appeal from the judgment given on the cross-complaint in favor of appellant, Smith, and Cooper, against respondent in the sum of $137.75; therefore, that part of the judgment will remain in full force and effect.

We have examined the several other errors assigned, and due to the conclusion reached, find it unnecessary to discuss them.

The cause is remanded with directions to the trial court to vacate that part of the judgment which is for plaintiff and to enter judgment for defendant notwithstanding the verdict for plaintiff. Costs to appellant.

TAYLOR, C. J., and KEETON, PORTER and SMITH, JJ., concur.