544 P.2d 1150

**FARMER'S INSURANCE COMPANY OF IDAHO, a corporation, Plaintiff-Respondent,**

v.

**Leonard BROWN et al., Defendants-Appellants.**

**No. 11946.**

Supreme Court of Idaho.

Jan. 22, 1976.

Iver J. Longeteig, of Runft & Longeteig, Boise, for defendants-appellants.

Karl Jeppesen, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for plaintiff-respondent.

DONALDSON, Justice.

Respondent, Farmer's Insurance Company of Idaho, brought this action seeking a declaratory judgment that its automobile

liability insurance policy issued to appellants Leonard Brown and Helen Brown provides no coverage for a certain accident occurring February 1, 1974. The provision of the insurance policy which is at issue is the so-called "omnibus clause," which extends coverage of the policy to include the use by the insured of an automobile not owned by the insured, so long as the actual use is with the permission of the owner.[1]

Following motions for summary judgment by both sides, the district court granted respondent's motion for summary judgment. The appellants appeal from that order and for the reasons stated below, we reverse and remand.

On December 23, 1973, the appellants Leonard and Helen Brown, and David Whitney, Helen Brown's son who lived with them in Boise, were visited by Dawnella Guernsey, a resident of Portland, Oregon. Dawnella is the daughter of Helen Brown and sister of David Whitney. Her father, Don F. Whitney, resides in Evanston, Wyoming.

During her stay in Boise, Dawnella decided to visit her father, Mr. Whitney, in Wyoming. Although Dawnella had driven to Boise in her own automobile, she decided to take the bus to Wyoming because of hazardous driving conditions. She left her car in Boise to be used if necessary or in an emergency.

During her absence the car was moved twice; once to make way for a street cleaner and once on February 1, 1974. On that date, David Whitney, her brother and a senior at Boise High School, asked his mother to use the car to drive his girl friend's mother to the bank. On his way to the bank, David Whitney collided with and injured Michael Breshears, a pedestrian.

Although Dawnella had not let David use her car when she was in Boise because she was using it, she neither granted nor denied him permission to use it while she was gone.

The single issue is whether the district court erred in granting respondent's motion for summary judgment based upon the state of the record at the time.

Under I.R.C.P. 56(c) summary judgment is properly granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In *Petricevich v. Salmon River Canal Company,* 92 Idaho 865, 452 P.2d 362 (1969), this Court stated that under I.R.C.P. 56(c) a motion for summary judgment is to be granted "whenever on the basis of evidence before the court a directed verdict would be warranted or whenever reasonable men could not disagree as to the facts." 92 Idaho at 871, 452 P.2d at 368. *See also Straley v. Idaho Nuclear Corporation,* 94 Idaho 917, 500 P.2d 218 (1972); *Jephson v. Ambuel,* 93 Idaho 790, 473 P.2d 932 (1970). In considering such evidence, it is well recognized that the facts are to be liberally construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences which might be reasonably drawn from the evidence. *Straley v. Idaho Nuclear Corporation, supra; Rawlings v. Layne & Bowler Pump Co.,* 93 Idaho 496, 465 P.2d 107 (1970). Moreover, the fact that both sides moved for summary judgment does not es-

---

1. The pertinent provisions of the policy in question provide as follows:

"That the company agrees 'to pay all damages the insured becomes legally obligated to pay arising out of the ownership, maintenance or use, of the described automobile or a non-owned automobile.'

The unqualified word 'insured' includes

(a) * * *

(b) With respect to a non-owned automobile,

(1) The named insured or a relative, and

(2) Any other person or organization not owning or hiring such automobile if legally responsible for its use by the named insured or relative, but only in the event such named insured or relative is legally liable for the occurrence; provided the actual use of the non-owned automobile by the persons in (1) and (2) above is with the permission of the owner."

tablish that there is no issue of fact. *Eagle v. Louisiana & Southern Life Insurance Co.*, 464 F.2d 607 (10th Cir. 1972); *McCown v. Humble Oil & Refining Co.*, 405 F.2d 596 (4th Cir. 1969), *cert. denied,* 395 U.S. 934, 89 S.Ct. 1996, 23 L.Ed.2d 449.

Appellants contend that on the basis of the affidavits submitted David Whitney drove his sister's car with her express or implied permission. They further contend that if it is found that David Whitney had no such permission, the evidence supports a finding that Helen Brown had express permission to allow any member of the family to use the car under limited circumstances[2] and that the car was being put to a use which served a "purpose, benefit, or advantage" of Helen Brown.

We find that the above contentions raise genuine issues of material fact. Based on the sworn statements of Helen Brown and David Whitney reasonable men could differ as to whether permission had been given to only Helen Brown or to the entire household, including David.[3] And if the trier of fact finds that only Helen had permission, there still remain the two factual issues of whether, under *Butterfield v. Western Casualty Co., supra,* Helen Brown had been given "general permission" and the car had been used to serve a "purpose, benefit, or advantage" of Helen Brown.[4]

The judgment is reversed and remanded.

Costs to appellants.

McFADDEN, SHEPARD, and BAKES, JJ., and SCOGGIN, District Judge, concur.

---

2. This Court has held that "when a general permission is granted by the named insured to use a vehicle, and without any limitation by the named insured against a third person driving, the use of the vehicle by the first permittee is with the permission of the named insured, even though another is driving, provided the use is to serve a purpose, benefit, or advantage of the first permittee." *Butterfield v. Western Casualty Co.*, 83 Idaho 79, 84, 357 P.2d 944, 947 (1966).

3. Helen Brown, in her affidavit, stated: "Dawnella informed *me* to use the car if *we* needed it." Whitney stated that his sister "had told *us* to use it in an emergency." Dawnella Guernsey stated that her "car was only to be used when there was no other transportation available and it was really needed or in an emergency."

4. David Whitney: "So I called my mother and asked her if I could use [Dawnella's car]. She said 'yes', but only because she had to have our car."