**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMY E. STRAYER; et al., | No.   21-35247 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-00450-DWM |
| v. | |
| IDAHO STATE PATROL; MICHAEL ARCHER, Trooper, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| SPOKANE COUNTY; et al., | |
| Defendants. | |

| | |
|---|---|
| AMY E. STRAYER; et al., | No.   21-35343 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-00450-DWM |
| v. | |
| IDAHO STATE PATROL; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Donald W. Molloy, District Judge, Presiding

Argued and Submitted February 16, 2022
San Francisco, California

Before: SILER,[**] S.R. THOMAS, and CALLAHAN, Circuit Judges.

In this Fourth Amendment excessive-force case, three plaintiffs sued five defendants under 42 U.S.C. § 1983 and under Idaho tort law. The district court dismissed every claim raised by every plaintiff. We affirm.

**I**

On December 2, 2018, Trooper Michael Archer of the Idaho State Police activated his emergency lights and stopped a vehicle in Kootenai County, Idaho.[1] The stopped vehicle had two occupants: a driver, Amy Strayer, and a passenger, Edward Hodge.

Trooper Archer suspected Strayer of driving under the influence of alcohol. After performing a field sobriety test, he arrested Strayer and placed her in the back of his police cruiser.

Then two other people arrived. The first arrival was Samuel Turner, a deputy

---

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] This case comes to us at the motion-to-dismiss stage, so we accept as true the well-pleaded factual allegations in the operative complaint and construe those allegations in the light most favorable to the plaintiffs. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016).

sheriff with the Sheriff's Department of Spokane County, Washington. The second arrival was Morgan Hodge, the daughter of Amy Strayer and Edward Hodge.

At some point, Edward and Morgan started arguing with Trooper Archer and Deputy Turner about whether the officers would impound Strayer's vehicle or allow Morgan to drive it home. Eventually Deputy Turner told Edward and Morgan to leave the scene—to go elsewhere—or face arrest "for obstruction with an investigation." Trooper Archer issued similar warnings. Edward and Morgan did not leave, Morgan began recording the incident with her cell phone, and Turner allegedly assaulted Morgan in the process of arresting her.

On September 22, 2020, Strayer, Morgan, and Edward ("the plaintiffs") filed a Motion to Set Bond under Idaho Code § 6-610 in the United States District Court for the District of Idaho.[2] Their motion did two things. First, it notified the district court that the plaintiffs "intend[ed] to file a complaint" against Archer and Turner for excessive force and police brutality. Second, it requested the court set a prefiling bond under Idaho Code § 6-610, which imposes a pre-suit obligation on plaintiffs seeking to sue law enforcement officers for wrongs arising out of their official duties. Before a plaintiff can file such a lawsuit, he or she must petition the trial court to set a prefiling bond and then pay the requisite bond amount.

On November 5, 2020, the district court set the § 6-610 bond at $1,500. The

---

[2]     The plaintiffs attached a proposed complaint to this motion.

3

plaintiffs waited more than three weeks to pay that bond and then waited nine more days, until December 9, 2020, to file their complaint. Their complaint named five defendants: Trooper Archer, the Idaho State Police, Deputy Turner, Spokane County Sheriff's Department, and Spokane County Sheriff Ozzie Knezovich. The complaint alleged a series of state and federal claims against each of those defendants, including Fourth Amendment claims for excessive force (brought under 42 U.S.C. § 1983), negligence claims, and claims for malicious prosecution.

Each of the defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b). The district court granted those motions in two separate orders, and then the plaintiffs timely appealed each dismissal to this court.

## II

We affirm the district court's dismissal of several of the plaintiffs' claims for jurisdictional defects. Because Strayer never alleges excessive force was used against *her*, the district court correctly concluded she lacks standing to pursue excessive force-related claims for harms inflicted on the other two plaintiffs. *See Spokeo, Inc. v. Robbins*, 578 U.S. 330, 339 (2016) (stating that standing requires that the alleged injury affected the plaintiff personally).

Similarly, the Eleventh Amendment bars the plaintiffs' claims against the Idaho State Police because it is an arm of the state. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (stating that the Eleventh Amendment bars suits against

4

arms of the state, regardless of the form of relief sought); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) ("[W]e consequently limited our holding in *Monell* to local government units which are not considered part of the State for Eleventh Amendment purposes" and are not "arms of the state[.]" (internal quotation marks omitted)). To the extent the plaintiffs sue Trooper Archer in his official capacity, their requests for damages for federal law violations are likewise barred by the Eleventh Amendment, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102–03 (1984), as are their state-law claims, *see id.* at 106. To the extent the plaintiffs seek prospective injunctive relief for violations of federal law, they fail to allege a sufficient likelihood that they will be wronged again in a similar way to have standing for prospective injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 109–10 (1983) ("That Lyons may have been illegally choked by the police [previously], while presumably affording Lyons standing to claim damages against the individual officers . . . does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him" in the future.)

Finally, the district court correctly concluded it lacked personal jurisdiction over Spokane County and Spokane County Sheriff Knezovich. "For claims sounding in tort" where the alleged conduct took place outside the forum state, *see Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 603–05 (9th Cir. 2018),

5

the Ninth Circuit "appl[ies] a 'purposeful direction' test" that "look[s] to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere" to evaluate personal jurisdiction, *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). Even assuming Spokane County and Sheriff Knezovich committed intentional acts by failing to train their employees, Plaintiffs alleged no facts suggesting that those acts were "expressly aimed" at Idaho. *Id.* at 1214.

Most of the plaintiffs' remaining claims are time-barred. Idaho's two-year limitations period for personal injury actions governs the timeliness of all the plaintiffs' claims, both state and federal. *See* Idaho Code § 5-219(4) (two-year statute of limitations for personal injury actions); *see also Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003) ("The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions."). Because the plaintiffs filed their complaint on December 9, 2020, which is more than two years after December 2, 2018, all the claims that accrued when Archer and Turner allegedly used excessive force were untimely. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citation omitted).

The only timely claims—those for malicious prosecution—fail as a matter of law. Six elements comprise a successful claim for malicious prosecution in Idaho. The plaintiff must show (1) there was a prosecution, (2) the prosecution terminated

in the plaintiff's favor, (3) the defendant was the prosecutor, (4) the prosecutor "was actuated by malice," (5) the prosecution lacked probable cause, and (6) damages. *Butler v. Elle*, 281 F.3d 1014, 1022 n.7 (9th Cir. 2002) (citing *Lowther v. Metzker*, 203 P.2d 604, 606 (Idaho 1949)). But, as the district court correctly explained, the plaintiffs failed to plead sufficient factual material to raise their right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even if the defendants subjected all three plaintiffs to prosecution—a fact not at all clear from the complaint—nothing suggests those prosecutions were "actuated by" bad faith or malice. Nor does any well-pleaded factual allegation suggest those prosecutions lacked probable cause.

**IV**

The district court's dismissal orders are **AFFIRMED**.